CARLEY v. JOLINE et al.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

STREET RAILROADS (§ 114*)—INJURY TO PERSON ON TRACK—NEGLIGENCE—EVIDENCE.

Evidence merely that a street car ran into and killed a street cleaner, while attending to his duties, the car being thereafter stopped within its length, is insufficient to show negligence of the motorman or freedom of deceased from contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–250; Dec. Dig. § 114.*]

Appeal from Trial Term, New York County.

Action by Mary Carley, administratrix of Patrick Carley, deceased, against Adrian H. Joline and another, receivers of the Metropolitan Street Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendants appeal. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Masten & Nichols, of New York City (Lemuel E. Quigg, of New York City, of counsel), for appellants.

John J. Pheelan, of New York City (Joab H. Banton, of New York City, of counsel), for respondent.

CLARKE, J. On October 28, 1911, about 2:40 o'clock in the afternoon, while plaintiff's intestate, a street cleaner in the employ of the city of New York, was on Columbus avenue at Sixty-Sixth street, attending to his duties, he was struck by a north-bound car, receiving injuries from which he died on October 31st.

Two witnesses testified to seeing the car hit Carley, at the moment of impact, but there is no testimony as to his position upon the street, or what he was doing, or any of the attending circumstances, for some minutes prior to the accident.

It is impossible to find in this record anything beyond the mere happening of the accident upon which to predicate negligence on the part of the defendant, or freedom from negligence on the part of the intestate. The car and the street sweeper were both lawfully in the street. The car was propelled upon the tracks in the performance of the regular business of a carrier. The street sweeper was in his uniform, and was in the performance of his duties. The duty was upon the motorman to look out for people upon the street, so it was the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

duty of the decedent to look out for himself. If by reason of his conspicuous uniform he could be readily distinguished by the motorman, so the sweeper, with his knowledge of the frequent movements of cars upon the tracks, could have easily seen the approaching trolley car if he had looked. Although he was there as of right and in the performance of his duties, yet nevertheless this did not relieve him of all responsibility.

From the fact that the car was stopped within its own length after the accident, it is evident that the motorman had it under control. It is not to be presumed that he deliberately ran down the sweeper. From the facts proven the inference is as readily drawn that the sweeper suddenly stepped in front of the car, and so close thereto that it was impossible for the motorman to stop in time to avoid the collision, as it is that the accident was due to the want of vigilance of the motorman. In other words, the plaintiff, having the burden, has failed to show that the accident was due to the negligence of the defendants' servant, and that her intestate was free from contributory negligence.

The defendants moved to dismiss at the close of the plaintiff's case, and, standing upon their exception, put in no evidence. The judgment and order appealed from should be reversed and the complaint dismissed, with costs to the appellants. All concur.