GOLDIE GOLDSTEIN and MORRIS ISRAEL, as Administrators, etc., of HARRY GOLDSTEIN, Deceased, Respondents, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

First Department, December 7, 1917.

**Railroads — negligence — pedestrian killed by car while crossing street — respective rights of way of pedestrian and street car.**

Where in an action to recover for the death of a person who was struck by a street car while crossing the street in the middle of a city block it appears that the physical circumstances were such that if the plaintiff had looked he would have seen the car approaching, there being nothing to obscure his vision, a judgment for the plaintiff should be reversed and the complaint dismissed as the negligence of the defendant is not established.

Moreover, if the plaintiff had seen the car approaching he was guilty of contributory negligence in attempting to see whether he could cross the track before the car reached him, as the car had approached so near that in his ordinary walk across the street he would be struck.

At city street crossings neither a car nor the pedestrian has a paramount right of way. But between crossings where cars must run with considerable speed so that street traffic may be adjusted to public needs the car has the right of way.

The mere fact that a person is approaching a street railroad track from the side is not necessarily notice to the motorman that he is going to pass in front of the car.

LAUGHLIN and DOWLING, JJ., dissented in part.

APPEAL by the defendant, Union Railway Company of New York City, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 5th day of January, 1917, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 6th day of February, 1917, denying defendant's motion for a new trial made upon the minutes.

*Alfred T. Davison*, for the appellant.

*Jacob Zelenko*, for the respondents.

SMITH, J.:

Harry Goldstein, the intestate, was a man forty-seven years of age. He was crossing Third avenue between St. Paul's place and One Hundred and Seventieth street, in the borough of The Bronx, and was crossing in the middle of the block. The day was windy, and there was no one else on the street at eleven o'clock in the morning. He was struck by the defendant's car and killed. The claimed negligence is in the speed of the car and in the failure to sound a warning.

The judgment is wrong, both as to the defendant's negligence and as to the contributory negligence of plaintiffs' intestate. The physical facts are such that if the decedent had looked he would have seen this car approaching, as it was very near to him, and if he had seen the car approaching he had no right to experiment to see whether he could get over before the car reached him, that is, when the car was approaching so near that in his ordinary walk across the street he would be struck. There is some testimony that he looked up and down the track before he crossed. If this be

true, then he saw the car approaching, and was guilty of negligence in attempting to cross when the car was so close upon him. The fact that he was struck demonstrates that the car was not far away when he crossed. Moreover, between streets these cars have the right to run with considerable rapidity, otherwise the traffic in the city would never be adjusted to the needs of the public. At crossings neither the car nor the pedestrian has a paramount right of way. Between crossings, the car has the right of way. (*Boyce* v. *New York City R. Co.*, 126 App. Div. 250.) The only evidence of failure to ring a gong was that certain persons did not hear it; nobody testified positively that it was not rung, while several persons on behalf of the defendant testified that the gong was rung right along down through that block. The mere fact that one is approaching a track from the side is not necessarily notice to the motorman that he is going to pass in front of the car.

I recommend, therefore, that the judgment and order be reversed, with costs, and complaint dismissed, with costs. The findings that defendant was negligent and plaintiffs' intestate was free from contributory negligence are reversed.

CLARKE, P. J., and and SCOTT, J., concurred; LAUGHLIN, and DOWLING, JJ., dissented from a dismissal of the complaint and voted for reversal and a new trial.

Judgment and order reversed, with costs, and complaint dismissed, with costs.