JOHN LASCHINGER, Respondent, *v.* UNION RAILWAY
COMPANY OF NEW YORK CITY, Appellant.

(Supreme Court, Appellate Term, First Department, February,
1918.)

Negligence — in action for personal injuries — evidence — judgments.

> The evidence in an action to recover for personal injuries to
> plaintiff, sixty-eight years of age and whose hearing was not
> very good and who while attempting to cross in the middle
> of a block about three P. M. was struck by a street railway car
> operated, as claimed by plaintiff, at a dangerous speed and
> without warning signals, considered, and a judgment in favor
> of plaintiff reversed and the complaint dismissed.

APPEAL by the defendant from a judgment rendered
in the Municipal Court of the city of New York, bor-
ough of The Bronx, second district, in favor of the
plaintiff for the sum of $100 and $19.72 costs.

Alfred T. Davison (J. J. O'Connell, of counsel), for
appellant.

Bernhard H. Levy (Benjamin Bag, of counsel), for
respondent.

WEEKS, J.   The plaintiff, sixty-eight years of age,
was crossing in the middle of the block at Third
avenue, between Brook avenue and One Hundred and
Sixty-first street, in the borough of The Bronx, about
three o'clock in the afternoon when struck by the
defendant's car coming from the south, which, it was
claimed, was being operated at a dangerous speed and
without warning by bell or other signal.

The plaintiff testified that before leaving the curb he
looked both south and north but did not see the car

coming; that he crossed north of a pillar of the elevated road and was struck just after crossing the easterly rail of the north-bound track, and that he did not hear any signal given by the car, but admitted that his hearing was not very good. The only other witness called by the plaintiff testified that he saw the plaintiff crossing the first rail when the car was only six feet away from the plaintiff, but he could not remember whether he heard any signal given.

The defendant's motorman testified that he was about fifteen feet away when he saw a man standing behind the pillar, and rang his bell and kept ringing it, and when he was within about six or seven feet the plaintiff started right across the track in front of him, and that he reached over the dash of the car and pushed him, and the corner of the car just toppled him over.

A witness, called on behalf of the defendant, testified that the plaintiff was standing at an elevated pillar and started to walk across the track; that he heard the motorman ring the bell and saw him reach out and give the man a shove and the man fell down; that when the plaintiff got to the first rail of the track the trolley car was about five or six feet from him.

Another witness testified that the plaintiff was standing against the elevated pillar and stepped out to the rail when the car was about six feet away from him.

Another witness testified that he saw the plaintiff crossing about seven feet in front of the car and that the motorman rang the bell.

The latest expression of the Appellate Division of this department, upon a state of facts strikingly similar to the instant case, is to be found in *Goldstein* v. *Union R. Co.,* 180 App. Div. 417, which, however, was a death case, where the court says: " The judgment is wrong,

Appellate Term, First Department, February, 1918.    [Vol. 102.

both as to the defendant's negligence and as to the contributory negligence of plaintiffs' intestate. The physical facts are such that, if the decedent had looked he would have seen this car approaching, as it was very near to him, and if he had seen the car approaching he had no right to experiment to see whether he could get over before the car reached him, that is, when the car was approaching so near that in his ordinary walk across the street he would be struck. There is some testimony that he looked up and down the track before he crossed. If this be true, then he saw the car approaching, and was guilty of negligence in attempting to cross when the car was so close upon him. The fact that he was struck demonstrates that the car was not far away when he crossed. Moreover, between streets these cars have the right to run with considerable rapidity, otherwise the traffic in the city would never be adjusted to the needs of the public. At crossings neither the car nor the pedestrian has a paramount right of way. Between crossings, the car has the right of way. (*Boyce* v. *New York City R. Co.,* 126 App. Div. 250.) The only evidence of failure to ring a gong was that certain persons did not hear it; nobody testified positively that it was not rung, while several persons on behalf of the defendant testified that the gong was rung right along down through that block. The mere fact that one is approaching a track from the side is not necessarily notice to the motorman that he is going to pass in front of the car.''

The judgment, therefore, should be reversed, with thirty dollars costs, and the complaint dismissed, with costs.

Guy and Mullan, JJ., concur.

Judgment reversed, with costs.