CATHERINE UNGER, as Administratrix of the Estate of MINNIE UNGER, Deceased, Respondent, *v.* BELT LINE RAILWAY CORPORATION, Appellant.

Negligence — railroads — pedestrian crossing street in middle of block struck by car — when motorman not guilty of negligence — when pedestrian guilty of contributory negligence as matter of law — error to read statement of facts from opinion of Appellate Division reviewing former trial — when not cured by direction to disregard parts not borne out by testimony.

1. Where a pedestrian crossing a street about the middle of the block or between crossings where the railroad company has the paramount right of way, saw a car approaching from the right and could have seen one approaching from her left if she had looked, and the testimony in an action to recover for her death shows that as she was on or between the tracks the gong on the car coming from her left was rung, and she thereupon stepped forward and was struck by the car coming from the right, and it further appears that the car coming from the left was stopped before it reached the point of crossing, no negligence can be imputed to either of the motormen. The deceased, however, was guilty of contributory negligence as matter of law.

2. It is error for the trial judge to read to the jury a statement of facts from an opinion of the Appellate Division on review of a

former trial, where as to some questions involved there was a conflict of testimony, and the error is not cured by a direction to disregard such parts as were not borne out by the testimony.

  *Unger* v. *Belt Line Ry. Co.*, 198 App. Div. 925, reversed.

(Argued June 8, 1922; decided July 12, 1922.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 5, 1921, affirming a judgment in favor of plaintiff entered upon a verdict.

*Alfred T. Davison* and *E. Crosby Kindleberger* for appellant. Plaintiff's intestate was guilty of contributory negligence as a matter of law and cannot recover. ( *N. Y. Transp. Co.* v. *O'Donnell*, 159 Fed. Rep. 659; 3 Elliott on Railroads [3d ed.], 576; *S. C. C. Ry. Co.* v: *Kinnare*, 75 N. E. Rep. 179; *Penn. R. R. Co.* v. *Aiken*, 18 Atl. Rep. 619; *Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *Weigand* v. *United Traction Co.*, 221 N. Y. 39; *Escher* v. *Buffalo & L. E. Traction Co.*, 220 N. Y. 243; *Kappus* v. *Metropolitan St. Ry. Co.*, 82 App. Div. 13; *Mahigan* v. *Third Ave. Ry. Co.*, 68 App. Div. 123; *Swart* v. *N. Y. Central & H. R. R. R. Co.*, 81 App. Div. 402; affd., 177 N. Y. 529.) There was a total failure of evidence to show that the defendant was in any way negligent. (*Albrecht* v. *Rochester, S. & E. R. R. Co.*, 205 N. Y. 230, 235; *Carley* v. *Joline*, 159 App. Div. 780; *Zenner* v. *Brooklyn H. R. R. Co.*, 173 App. Div. 194; 225 N. Y. 710; *Goldstein* v. *Union Railway Co.*, 180 App. Div. 417; 230 N. Y. 570; *McEntee* v. *M. S. R. Co.*, 110 App. Div. 673; *Foley* v. *N. Y. C. & H. R. R. R. Co.*, 197 N. Y. 430.) The trial court erred in quoting from the language of the opinion of the Appellate Division upon the former appeal. (*Haas* v. *Newbery*, 190 App. Div. 275; Blashfield's Instructions to Juries [2d ed.], 101, § 2; 14 Ruling Case Law, 756, § 23; *Herman & Co.* v. *Williams*, 36 Fla. 136; *Radwick* v. *Goldstein*, 98 Atl.

Rep. 583; *Allen* v. *Lyness*, 81 Conn. 626; *Liddle* v. *Salter*, 163 N. W. Rep. 447; *Jones* v. *Royster Guano Co.*, 6 Ga. App. 506; *Lairdlaw* v. *Sage*, 80 Hun, 550.)

*Frederick S. Rauber* for respondent.   The error, if error it be, of the trial court in reading from the former decision was cured by the subsequent instructions.   (*Caldwell* v. *N. J. Steamboat Co.*, 47 N. Y. 282; *Losee* v. *Buchanan*, 51 N. Y. 476; *Greenfield* v. *People*, 85 N. Y. 75; *Chesebrough* v. *Conover*, 140 N. Y. 388; *Coal* v. *F. B. Coal Co.*, 159 N. Y. 59.)

CRANE, J.   On May 23, 1914, between six and seven o'clock in the evening, Minnie Unger, a young lady twenty-nine years of age, was struck by a trolley car and killed as she was crossing Fifty-ninth street, east of Third avenue, in the borough of Manhattan, city of New York.

Her mother, having been appointed administratrix, brought this action to recover from the Belt Line Railway Corporation damages sustained by the alleged negligence of that company in causing the death.

On the trial a verdict was recovered in favor of the plaintiff and a judgment entered thereon has been affirmed by the Appellate Division, one of the justices dissenting.

We are of the opinion that the recovery in this case cannot be sustained for three reasons:   *First*, there is no proof of negligence; *second*, it appeared that the deceased was guilty of contributory negligence as a matter of law, and *third*, that the learned trial justice committed error in charging the jury.

The evidence most favorable to the plaintiff shows the following:

On the day in question Minnie Unger, the deceased, and her sister, Mary L. LaBarre, had been shopping in the city of New York and had come up to Fifty-ninth

street on the Third avenue elevated. Descending the stairs from the elevated on to Fifty-ninth street, they were a distance of about thirty-one feet below the easterly building line of Third avenue. They walked east, in the direction of Second avenue, a distance of fifty feet or more and then proceeded across Fifty-ninth street in a diagonal direction. The point at which they left the curbstone or the sidewalk is given as either seventy-five or one hundred and forty feet east of Third avenue. The exact distance is immaterial, the fact being that these two persons attempted to cross the street between intersecting streets and not at a street crossing. Between the blocks the railroad company had the paramount right of way. (*Goldstein* v. *Union Railway Co., of N. Y. City,* 180 App. Div. 417; affd., 230 N. Y. 570.)

Mary L. LaBarre was the principal witness for the plaintiff and testified that as she and her sister stepped from the curb she looked to the right and left and saw a car coming from Second avenue, which at that time was " about in the center of the block, a little beyond where we started to leave the curb."

Later she gives the distance as about two hundred feet.

The witness did not lose sight of this car which approached without slacking its speed and apparently going fast. These two ladies continued to cross the tracks with this approaching car in clear view until Miss Unger was struck by the left-hand corner of the car or what would be the southwest corner just as she had stepped upon or was about to step upon the first rail.

It seems to be conceded that these facts standing alone and by themselves would give the plaintiff no cause of action. It is said, however, that an emergency was created which forced Miss Unger to take the step she did. Mrs. LaBarre testifies that as they were on or between the tracks in the act of crossing she heard a bell or gong on a car coming from Third avenue. She looked up and saw the car fifteen or twenty feet to her left. This car

was coming from Third avenue going toward Second avenue or in an easterly direction.   Mrs. LaBarre stepped back off the track and was unhurt.   Her sister stepped forward and was struck by the car coming from the east or going toward Third avenue.

The car coming from Third avenue which had rung the bell stopped before it reached the ladies or the point where they were crossing.

If there were an emergency it was caused by the negligent act of the deceased and her sister which would bar recovery.   (*Schneider* v. *Second Avenue Railroad Co.,* 133 N. Y. 583.)

One thing apparently is certain, and that is that a car was coming from the direction of Third avenue. Why the deceased and her sister could not have seen it is not stated.   Failure to see a car approaching in unobstructed view is incredible as a matter of law. (*Weigand* v. *United Traction Co.,* 221 N. Y. 39.)

The reason that the east-bound car was not noticed until the bell rang was that Mrs. LaBarre and her sister did not look in that direction after leaving the curbstone.   She testified that as they stepped to the curb they looked to the left, which would be in the direction of Third avenue.   The next they knew about a car coming from that direction was when the attention of Mrs. LaBarre was attracted to it by the clang of the bell. At that time the car was about fifteen feet away.

It quite clearly appears in view of all or any of the testimony that Minnie Unger and Mrs. LaBarre, her sister, crossed Fifty-ninth street at about the middle of the block or between crossings; that a car was approaching from the right which they saw and a car was approaching from the left which they could have seen if they had looked. What were the motormen to do?   They were not obliged to stop and let these ladies cross in the middle of the block.   The motorman on the car coming from Second avenue and going west which struck the deceased had

no reason to anticipate that Minnie Unger would cross in front of his car. She did not reach the nearer rail of his track until the instant she was struck. The motorman of the car coming from Third avenue and going east did nothing, as I can see, to indicate negligence, rather he showed the utmost care; he rang his bell and stopped his car before he came to the place where the ladies were or had been.

Under these circumstances and conditions I cannot see wherein there was any negligence upon the part of either of these two motormen and I do see where there was negligence as a matter of law upon the part of the deceased and her sister, Mrs. LaBarre.

This case was tried once before and resulted in an opinion by the Appellate Division to be found at 182 Appellate Division, 695. In charging the jury on this trial the learned justice read from this opinion. He did not confine himself to a statement of law, but read what the Appellate Division had said about the facts. Quoting from the opinion of that court, he said: " One of the defendant's cars was coming from the west and another from the east. When the east-bound car was about twenty feet distant from the two women, the driver of that car was ringing his bell of warning. The evidence indicates that the intestate's attention was drawn to the east-bound car by its bell and that she instantly stepped forward so as to come in contact with the other car."

On this present trial the defendant's witness testified that the car going east stopped at the corner on the easterly side of Third avenue and Fifty-ninth street and had not started up at the time the deceased was struck by the car going west.

The plaintiff's testimony as above indicated was that stated by the Appellate Division. There was, therefore, a direct conflict in the evidence. The plaintiff's witnesses said that the east-bound car was moving, the motorman ringing the bell. The defendant's witnesses

said that this car had not started up, but was standing still at the corner of Third avenue and Fifty-ninth street when the accident happened.

When the justice said to the jury that the Appellate Division on the previous trial had determined that the car was moving, coming from the west and that the driver rang the bell when it was twenty feet from the women, it virtually determined for the jury the question of fact in dispute. The court's attention was called to this by the defendant's counsel, whereupon the judge made this correction: " If there was any reference in that decision as to the positions of the respective cars at the time of this occurrence or prior thereto that was not borne out by the testimony of this trial entirely disregard it."

This was not, in our judgment, a satisfactory correction of the mistake in reading the facts as given by the Appellate Division. The judge's statement is to disregard the opinion unless it is borne out by the testimony. The testimony for the plaintiff did sustain the statement of fact as made by the writer of the opinion. Such evidence plus the opinion entirely outweighed the defendant's testimony unsupported by an opinion.

This error would call for a reversal of the judgments below and a new trial. However, as we find no negligence on the part of the defendant's servants and do find contributory negligence as a matter of law upon the part of the deceased, we deem a new trial unnecessary, and, therefore, reverse the judgments below and dismiss the complaint, with costs in all courts.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ., concur; CARDOZO, J., concurs in result.

Judgments reversed, etc.