CARL HINZ, Appellant, *v.* EIGHTH AVENUE RAILROAD COMPANY, Respondent.

**Negligence — railroads — pedestrian struck by street car while crossing plaza — inference permissible that motorman was negligent where it appeared that without warning he doubled the speed of the car when plaintiff started to cross track — pedestrian not a trespasser, even between blocks, and motorman not at liberty to be heedless of his presence — contributory negligence of plaintiff question for jury.**

1. Where, in an action to recover for personal injuries received by plaintiff through his being struck by a street car while he was crossing from west to east an open space or plaza traversed by defendant's tracks, the jury might have found that plaintiff, when about to step from the west rail, saw the car slowly approaching through traffic at his left, to give crossing cabs the right of way, and that suddenly the

motorman doubled the speed of the car in an effort to cut off another cab approaching from the west, thereby running down the plaintiff, where there is nothing to show that he could not have seen the plaintiff if he had been watchful and alert, the inference is permissible that the motorman was negligent. He was not at liberty to quicken the speed of the car, without warning, with the plaintiff so near at hand that injury was probable.

2. An argument that the vigilance exacted at such a point is something less than is exacted where an avenue is intersected by a street does not help the defendant. There was an intersection at the point in question, though wider than is usual, and a jury might determine that there was warning in the layout of the land that pedestrians were to be looked for. Nor would the result be altered if the rule that governs between ordinary city blocks were to be applied in all its fullness, for, even at such points, a pedestrian is not a trespasser, and motormen are not at liberty to be heedless of his presence.

3. Whether there was contributory negligence in the conduct of the plaintiff was also a question for the jury, it being for them to say whether a traveler of ordinary caution would have foreseen the danger of sudden increase in the speed of the car and avoided it.

*Hinz* v. *Eighth Avenue Railroad Co.*, 215 App. Div. 189, modified.

(Argued May 14, 1926; decided June 1, 1926.)

APPEAL from a judgment, entered February 8, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*George F. Hickey* and *Thomas E. Flynn* for appellant. The evidence warranted the finding that the collision was brought about solely by reason of the negligent increase of the speed of the car by the motorman. (*Fandel* v. *Third Ave. R. R. Co.*, 15 App. Div. 426; 162 N. Y. 598; *Costello* v. *Third Ave. R. R. Co.*, 26 App. Div. 48; 161 N. Y. 317; *McDade* v. *International Ry. Co.*, 235 N. Y. 11; *Moebus* v. *Herrman*, 108 N. Y. 349; *Baker* v. *Close*, 204 N. Y. 92; *Benjamin* v. *Fonda, J. & G. R. Co.*, 205 App. Div. 384; *Bruss* v. *Met. St. R. Co.*, 66 App. Div. 554; *Guinaw* v. *Garrison*, 212 App. Div. 824; *Davis* v. *New York State Railways*, 210 App. Div. 316; *Knapp* v.

*Barrett,* 216 N. Y. 226; *Buhrens* v. *D. D., etc., R. Co.,* 53 Hun, 571; 125 N. Y. 702.) The plaintiff was not chargeable with contributory negligence. (*Costello* v. *Third Ave. R. Co.,* 26 App. Div. 48; 161 N. Y. 317; *Salm* v. *Bleau,* 240 N. Y. 614; *Shirley* v. *Larkin,* 239 N. Y. 94.)

*William J. Curtin* and *Michael Kirtland* for respondent. There is no evidence of negligence on the part of defendant. (*Stabenau* v. *Atlantic Ave. R. R. Co.,* 155 N. Y. 511; *Jackson* v. *Union R. R. Co.,* 77 App. Div. 161; *Casper* v. *Met. St. R. R. Co.,* 84 App. Div. 639; *Albrecht* v. *Rochester R. R. Co.,* 205 N. Y. 230; *Madigan* v. *Third Ave. R. R. Co.,* 68 App. Div. 123; *Baker* v. *Eighth Ave. R. R. Co.,* 62 Hun, 39; *Dansky* v. *S. I. M. Ry. Co.,* 186 App. Div. 101; *McEntee* v. *Met. St. Ry. Co.,* 110 App. Div. 673; *Belton* v. *Baxter,* 54 N. Y. 245; *Byrnes* v. *Brooklyn Hts. R. R. Co.,* 148 App. Div. 794; *Zenner* v. *Brooklyn Hts. R. R. Co.,* 173 App. Div. 194.) The place where plaintiff was crossing the plaza was not a street crossing. (*Zenner* v. *Brooklyn Hts. R. R. Co.,* 173 App. Div. 194; *Fenton* v. *Second Ave. R. R. Co.,* 126 N. Y. 625; *Thompson* v. *Buffalo R. R. Co.,* 145 N. Y. 196; *Barney* v. *Metropolitan St. R. R. Co.,* 94 App. Div. 398.) Plaintiff was guilty of contributory negligence. (*Furlong* v. *Met. St. Ry. Co.,* 103 App. Div. 215; *Reed* v. *Met. St. R. Co.,* 180 N. Y. 315; *Little* v. *Third Ave. R. R. Co.,* 83 App. Div. 330; 178 N. Y. 591; *Thompson* v. *Met. St. R. R. Co.,* 89 App. Div. 10; *McEntee* v. *Met. St. R. R. Co.,* 110 App. Div. 673; *Wecker* v. *Brooklyn & Queens County R. R. Co.,* 136 App. Div. 340; *Foley* v. *N. Y. C. & H. R. R. R. Co.,* 197 N. Y. 430; *Culhane* v. *N. Y. C. & H. R. R. R. Co.,* 60 N. Y. 133; *Capitulu* v. *N. Y. C. R. R. Co.,* 200 App. Div. 247.; *Matutinovich* v. *N. Y. C. R. R. Co.,* 182 App. Div. 451; *Goldstein* v. *Union R. R. Co.,* 180 App. Div. 417.)

CARDOZO, J. The action is for personal injuries.

At Central Park West or Eighth avenue in the city of New York between One Hundred and Ninth and One

Hundred and Eleventh streets there is an open space or plaza. Eighth avenue, when projected through the center of the plaza, crosses it north and south. Cathedral Parkway, similarly projected, crosses it approximately east and west. The tracks of the defendant's street railway, running north and south along Eighth avenue, bisect the plaza in their course. Traffic posts near the center, inclosing a small zone, divide the traffic east and west.

On November 1, 1924, at about 7.30 P. M., plaintiff, a man 62 years of age, left Cathedral Parkway, and proceeded to cross the plaza to the east. Three taxicabs going in the same direction were crossing at the same time. The plaintiff, when about a step from the west rail, saw the second of these taxicabs immediately to his left. Farther on to the left, was one of the defendant's cars, moving south through the traffic zone, and crawling along cautiously to give the cabs the right of way. The width of the zone was 35 feet, or about the length of a car. Plaintiff, then 15 or 20 feet away from the southerly side of the zone, started to cross the tracks in the wake of the passing cab. The defendant's motorman suddenly doubled the speed of the defendant's car in the effort to cut off a third cab approaching from the west. His movement was so rapid that the latter cab, then a few feet from the tracks and entitled to the right of way, was halted in its course, and swung sharply to the south. Plaintiff, thus surprised, was run down by the defendant's car and suffered injuries resulting in the amputation of a leg. We do not mean that these happenings were established beyond controversy. The facts as we have stated them are those that the jury might have found if they credited the plaintiff's version of the casualty and the version of his witnesses. They did credit that version, and gave the plaintiff damages. The Appellate Division reversed, and dismissed the complaint.

Upon the facts stated, we think the inference is permissible that the motorman was negligent. His car was

creeping along at a rate that would have enabled the plaintiff to pass in safety. He was not at liberty to quicken its pace without warning, with the plaintiff so near at hand that injury was probable. Quicken it he did by his own admission, and this to the extent of doubling his rate of movement through the zone. There is nothing to show that he could not have seen the plaintiff if he had been watchful and alert (*McDade* v. *Int. Ry. Co.*, 235 N. Y. 11). The defendant argues that the vigilance exacted at such a point is something less than is exacted where an avenue is intersected by a street. But there was an intersection here, though wider than is usual. The plaintiff was following a direct course from Cathedral Parkway at the west of the plaza to the continuation of the same parkway at the east. He traversed the broadening roadway instead of skirting the plaza and traveling a circuit. There was warning in the layout of the land that pedestrians were to be looked for, or so a jury might determine. If, however, the rule that governs between ordinary city blocks were to be applied in all its fullness, the result would not be altered. Even at such points, a pedestrian is not a trespasser, and motormen are not at liberty to be heedless of his presence (*Baker* v. *Close*, 204 N. Y. 92; *Moebus* v. *Herrmann*, 108 N. Y. 349). The vigilance that is due will vary with the place and the occasion. Neither in place nor in occasion here was there excuse as a matter of law for sudden change of power to a traveler's destruction (*Costello* v. *Third Ave. R. R. Co.*, 161 N. Y. 317, 322).

Whether there was contributory negligence in the conduct of the plaintiff was again a question for the jury. He was only a step from the rail, and there is no suggestion in the evidence that in the absence of the sudden spurt which brought the car upon him, he would have been unable to cross unharmed. He had no reason to assume, or so a jury might say, that such a spurt would be made, and least of all that it would be made without warning

of the onset.    There is no dispute that the car had been going very slowly through the zone.    This the motorman admits.    There is no dispute that the speed was doubled all of a sudden to get ahead of an approaching cab.    A jury should say whether a traveler of ordinary caution would have foreseen these dangers, and avoided them (*Costello* v. *Third Ave. R. R. Co., supra*).

The judgment of the Appellate Division should be modified so as to grant a new trial, with costs to abide the event.

Hiscock, Ch. J., Pound, McLaughlin, Crane and Lehman, JJ., concur; Andrews, J., absent.

Judgment accordingly.