KATHERINE SCHNELLER and Another, as Administratrices, etc., of JOSEPH SCHNELLER, Deceased, Respondents, *v.* NINTH AVENUE RAILROAD COMPANY, Appellant.

First Department, March 4, 1927.

Street railways — between crossings rule — action for death of intestate who was killed while crossing street by one of defendant's trolley cars — intestate stepped onto track between crossings when car was about twenty feet distant and was struck by near side of car — negligence not shown on part of motorman — intestate was guilty of contributory negligence — between crossings rule applied.

This is an action to recover for the death of plaintiff's intestate who was struck and killed by one of defendant's cars while he was crossing a street. The intestate, with two companions, left the sidewalk between crossings and started to cross the street diagonally. One of the intestate's companions succeeded in crossing in front of the trolley car by running. The intestate stepped on the track when the trolley car was about twenty feet distant and was hit by the near side of the car. The motorman did not suddenly increase the speed of the car and was not required to anticipate that the intestate would step upon the track so close in front of the oncoming car. There is no evidence to show that the motorman was guilty of any negligence, but there is affirmative proof that the plaintiff's intestate was guilty of contributory negligence. The between crossings rule applies and the plaintiff cannot recover.

APPEAL by the defendant, Ninth Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 20th day of May, 1926, upon the verdict of a jury for $3,833.33, and also from an order entered in said clerk's office on the 26th day of May, 1926, denying defendant's motion for a new trial made upon the minutes.

*William J. Curtin* of counsel [*Michel Kirtland*, attorney], for the appellant.

*Alexander Karlin*, for the respondents.

PROSKAUER, J.  Plaintiffs' intestate was killed by contact with a south-bound car operated by defendant on Amsterdam avenue in the neighborhood of One Hundred and Fourteenth street.  There was an excavation on the east side of the avenue near the curb.  A bridge over this excavation had been placed directly at the north crosswalk of One Hundred and Fourteenth street.  Decedent and two companions came from a building on the east side of Amsterdam avenue between One Hundred and Fourteenth and One Hundred and Fifteenth streets and proceeded southwesterly across Amsterdam avenue.  They did not use the crosswalk bridge, but went over the excavation to the north thereof.  The accident happened at a point fixed by various witnesses at from thirty to forty feet north of the crosswalk.  One of the intestate's companions ran across the track in front of the south-bound car and barely escaped it.  The intestate was struck by the extreme southeast portion of the car and his body was found after the accident to the east of the track.

To this state of facts the between the crossings rule must be applied.  No necessity is shown for the conduct of the intestate and his companions in crossing between the blocks and the motorman was called upon to exercise only that degree of care which is generally imposed upon him in such a situation.  He was not required to anticipate that the intestate would step upon the track in front of an oncoming car but twenty to twenty-five feet away and so close to him that only its near corner would strike him.  The motorman was guilty of no negligence and there was affirmative proof of contributory negligence on the part of plaintiffs' intestate. (*Unger* v. *Belt Line R. Corp.* 234 N. Y. 86; *Neuman* v. *Union R. Co.*, 243 id. 249; *Ploxin* v. *Brooklyn Heights R. R. Co.*, 171 App. Div. 925; affd., 220 N. Y. 609.)

The case is distinguishable from *Hinz* v. *Eighth Ave. R. R. Co.* (243 N. Y. 90) because there the defendant's negligence and the intestate's freedom from contributory negligence were predicated upon a sudden acceleration of speed by the motorman.

The judgment and order should be reversed on the law and the facts, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment and order reversed, with costs, and the complaint dismissed, with costs.