VICTOR WOJDAG, as Administrator, etc., of TILLIE WOJDAG, Also Known as TEKLA WOJDAG, Deceased, Respondent, v. BROOKLYN & QUEENS TRANSIT CORPORATION, Appellant.— Action to recover damages for the death of plaintiff's

intestate allegedly caused by the negligence of defendant in the operation, between street intersections, of its trolley car, which collided with the intestate as she was crossing the street. From a judgment in favor of plaintiff, entered upon a jury verdict, defendant appeals. Judgment reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. The evidence compels the inference, as matter of law, (1) that there was no negligence on the part of defendant and (2) that the intestate was guilty of contributory negligence. Plaintiff's evidence tended to show that the intestate, a woman aged forty-two years, with good eyesight and hearing, and familiar with the *locus in quo*, while crossing defendant's trolley track on a public highway, between street intersections, walked heedlessly upon the second pair of rails which she reached when she was a few feet in front of defendant's trolley car thereon, approaching from her right, which car struck her. Her daughter, aged ten years, walking on intestate's left, saw the car and escaped by running forward. The accident happened on a clear day, shortly after one o'clock, while the sun was shining and while no other traffic was moving nearby except an automobile which preceded the trolley car and for the passing of which automobile the intestate and her daughter waited before they proceeded to cross. The car was stopped within ten feet of the point of collision. (See *Carley* v. *Joline,* 159 App. Div. 780; affd., 213 N. Y. 691.) Defendant's evidence tended to show that they stepped from behind another trolley car which was standing on the other track. In no aspect of the evidence does it demonstrate the claimed liability of the defendant. (*Unger* v. *Belt Line R. Corp.,* 234 N. Y. 86, 90; *Neuman* v. *Union R. Co.,* 243 id. 249, 255, 256; *Porter* v. *New York City Interborough R. Co.,* 235 App. Div. 525, 532; affd., *sub nom. Sarfaty* v. *New York City Interborough R. Co.,* 261 N. Y. 587; *Barney* v. *Metropolitan Street R. Co.,* 94 App. Div. 388, 394, 395.) Rulings upon which respondent relies in " middle of the block " cases, typical of which cases are *Lawson* v. *Metropolitan Street R. Co.* (40 App. Div. 307; affd., 166 N. Y. 589); *Legare* v. *Union R. Co.* (61 App. Div. 202), and *Hinz* v. *Eighth Avenue R. R. Co.* (243 N. Y. 90), when read in the light of the peculiar facts in those cases respectively, are not in conflict with our determination here. Hagarty, Taylor and Close, JJ., concur; Lazansky, P. J., and Carswell, J., concur for reversal but dissent from the dismissal of the complaint on the ground that there were questions of fact on liability which were for the jury and which may not be disposed of as a matter of law. They vote for a new trial unless within ten days from the entry of the order hereon, plaintiff stipulates to reduce the verdict to $15,000, in which event the judgment, as so reduced, should be affirmed.