■ RAFAEL G. PEREZ, Appellant, v STATE OF NEW YORK, Respondent. [627 NYS2d 421] —In a claim to recover damages, inter alia, for personal injuries, the claimant appeals from so much of a judgment of the Court of Claims (Blinder, J.), dated April 7, 1994, as is in favor of the defendant and against him dismissing that branch of his claim which was to recover damages for personal injuries.

Ordered that the judgment is reversed insofar as appealed from, on the law, and the matter is remitted to the Court of Claims for a new trial on the issue of liability in connection with that branch of the claim which is to recover damages for personal injuries, with costs to abide the event.

The claimant allegedly sustained personal injuries in a car accident which occurred between his vehicle and a vehicle

owned by the State of New York. A bifurcated trial was ordered and at a subsequent pretrial conference, the claimant was advised that there would be no medical testimony taken during the liability phase of the trial. At the close of the claimant's case on the issue of liability, the State moved to dismiss that branch of the claim which is to recover damages for personal injuries based upon the claimant's "failure to establish a serious injury as defined in the Insurance Law". The court then permitted the claimant to retake the stand and testify as to the nature and extent of his injuries. Thereafter, the court reserved decision on the motion and stated that it was granting a one-day adjournment so as to provide the claimant with an opportunity to produce the certified medical records of his treating physician. The record is silent as to any subsequent events, although it is apparent that the subject records were never admitted into evidence. In any event, approximately two years after the claimant had rested his case and the State had made its motion to dismiss, the court dismissed the personal injury claim, concluding that the claimant had failed to establish that he suffered a "serious injury" as such term is defined in Insurance Law § 5102 (d). In reaching this conclusion, the court stated that a serious injury "could only be established by expert medical testimony" and stressed that the claimant had failed to call "a medical expert witness". We reverse.

Pursuant to the Uniform Rules for the Court of Claims "[j]udges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action" (22 NYCRR 206.19 [a]). As a general principle, the liability phase of a bifurcated trial is not the proper juncture at which to adjudicate issues regarding the severity of the injuries of the party prosecuting the case. Indeed, in a jury trial the jury is commonly instructed to decide only the question of liability and to disregard as irrelevant any reference to injuries or medical treatment *(see,* PJI 1:35A [Supp]). As such, during the liability portion of a bifurcated trial arising out of an automobile accident, the fact-finder should be concerned with the apportioning of fault among the parties whose negligence it finds to have been a proximate cause of the accident *(see, DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236, 246). Issues which pertain to the extent of the injuries suffered by a plaintiff, including whether a plaintiff suffered a serious injury

as such term is defined in Insurance Law § 5102 (d), should generally be left for the damages phase of the trial *(see, e.g., Keller v Terry,* 176 AD2d 921; *Moreno v Roberts,* 161 AD2d 1099). Of course, the serious injury issue can always be raised by summary judgment motion prior to trial.

In this case, if the court wished to address the serious injury issue during the liability phase of trial it should have provided the claimant with a reasonable opportunity to present the requisite expert testimony. Under the procedural course followed by the court herein, the claimant was simply not afforded a reasonable opportunity to present expert medical testimony on the issue of whether he had sustained a serious injury. Under these facts we find that a new trial in connection with the claim to recover damages for personal injuries is warranted. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.