■ JAMES V. SEARGENT et al., Appellants, v LYNETTE M. BERBEN et al., Respondents. [652 NYS2d 904] —Mikoll, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered April 26, 1996 in Albany County, upon a verdict rendered in favor of plaintiffs.

Plaintiff James V. Seargent (hereinafter plaintiff) was injured, while operating a motorcycle, when struck by a vehicle operated by defendant Lynette M. Berben, who veered into plaintiff's path. Plaintiff was thrown off the motorcycle and sustained shin, shoulder, elbow and wrist injuries, a three-part fracture of his left ankle and numerous abrasions. After a jury trial, plaintiff was awarded $3,000 for loss of earnings, $40,000 for past pain and suffering, $5,000 for future medical expenses and $16,000 for future pain and suffering. Plaintiff's wife was awarded $500 on her derivative cause of action. Supreme Court

denied plaintiffs' motion to set aside the verdict as inadequate and inconsistent. This appeal ensued.

Plaintiff seeks relief pursuant to CPLR 5501 (c), urging that the verdict deviates materially from what would be reasonable compensation. In order for plaintiff to prevail, the record must indicate that the evidence so predominates in his favor that the verdict could not have been reached on any fair interpretation of the evidence (*see, Burns v Gooshaw*, 225 AD2d 980, 981).

Plaintiff contends that the $16,000 award for future pain and suffering is inadequate, that the jury's failure to award future loss of earnings is erroneous and that the award of $3,000 for past lost wages is unreasonable.

Addressing plaintiff's past lost wages, we note prefactorily that plaintiff has the burden of proving loss of earnings with reasonable certainty (*see, Toscarelli v Purdy*, 217 AD2d 815, 818). The record discloses that plaintiff's testimony on this issue was conflicting. At one point he indicated that he was out of work seven or eight weeks, and at a later point contended that it was 13 weeks. He also offhandedly indicated that his weekly wage was "$480, I believe". No employment records were supplied to prove the matter precisely, nor were his tax returns sufficiently clear to show his losses. In view of the record, the jury award of damages is supported by the evidence (*see, Bunge v New York City Tr. Auth.*, 216 AD2d 264).

Plaintiff contends that the failure of the jury to grant an award for future loss of earnings was error in view of its finding that he would incur future medical expenses and in view of his 20-year life expectancy. We note that plaintiff's bill of particulars indicates that he was unable to work from May 28, 1995 to August 27, 1995 and that he continues to be limited in his work as a carpenter. Plaintiff contends that this affirmation and also his claim of permanency, as alleged in his bill of particulars, that the "damage to [his] ankle will have permanent effects", sufficiently informed defendants that he was also claiming future loss of earnings. He urges that Supreme Court erred in foreclosing his attempts to prove these losses. We hold that these averments were insufficient to notify defendants of a claim for loss of future earnings. Defendants would have been prejudiced had plaintiff been permitted to introduce evidence in support of a claim for future loss of earnings. Thus, the court properly exercised its discretion in excluding the proof (*see generally, Reape v City of New York*, 228 AD2d 659, 660). It was reasonable for the jury to conclude on this record that despite plaintiff's ankle pain, he was able to work and was not entitled to an award for future loss of earnings.

Finally, plaintiff's challenge to the award for past pain and suffering as inadequate is also rejected. Based on plaintiff's good recovery and his ability to work and manage his pain with Motrin, we cannot say that Supreme Court's award was other than reasonable.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.