■ JAMES FAAS, Appellant, v STATE OF NEW YORK, Respondent. [672 NYS2d 145] —Spain, J. Appeal from a judgment of the Court of Claims (Hanifin, J.), entered September 30, 1996, upon a decision of the court in favor of claimant.

Claimant sustained injuries to his right shoulder on March 17, 1993, while on the campus of the State University College at Oneonta in Otsego County, when he slipped while walking up a flight of stairs and, in order to avoid falling, grabbed the railing with his right hand, twisting his arm. Thereafter, claimant commenced this action against the State; ultimately, the trial was bifurcated. At the conclusion of the first trial, the Court of Claims assigned 70% of the liability to the State and the remaining 30% of liability to claimant. Thereafter, a second trial was held to determine damages wherein claimant testified regarding the nature of his injury, the treatment undertaken to remedy it and his alleged lost wages due to the injury. Claimant also offered the videotaped testimony of James Elting, an orthopedic surgeon, who treated claimant's shoulder on March 24, 1993 and on March 18, 1996. The State called no witnesses although it did offer into evidence copies of claimant's medical records and bills generated during the course of his treatment. Following the trial claimant was awarded $7,536 plus interest for past pain and suffering and past medical ex-

penses; however, the court rejected claimant's demand for lost wages, future pain and suffering and future medical expenses. Claimant now appeals only the judgment awarding damages.

Initially, we conclude that the record does not support claimant's contention that he was entitled to an award of damages for future pain and suffering and future medical expenses. The amount of personal injury damages to be awarded is primarily a question of fact (*see, Raucci v City School Dist.*, 203 AD2d 714, 716). Here, claimant testified that he experienced intense pain in his right shoulder for three to four weeks after the accident and that thereafter he experienced pain on a daily basis for two to three months. However, after this period claimant testified that he experienced shoulder pain only in the morning when he first woke up. Claimant attributed this pain to sleeping on the shoulder and acknowledged that the pain would abate after 10 to 15 minutes of exercising the shoulder in the shower. Significantly, claimant conceded that he has had full range of motion in his shoulder following the completion of his first course of physical therapy after the accident. Given such testimony we find no reason to disturb the Court of Claims' determination in denying damages for future pain and suffering.

We also reject claimant's contention that the Court of Claims' decision not to award damages for future medical expenses was against the weight of the evidence . It is well settled that an award for future medical expenses may not be based upon mere speculation (*see, Cramer v Kuhns*, 213 AD2d 131, 139, *lv dismissed* 87 NY2d 860). Here, Elting testified that, upon examination, it appeared that claimant still had problems with the shoulder as evidenced by persistent looseness in his shoulder and two incidents where the shoulder popped out. Elting, however, failed to offer a definite opinion with regard to the need for surgery. Elting testified that claimant had failed to complete the required course of physical therapy to its logical conclusion. In Elting's opinion, further extensive physical therapy would be necessary in order to determine whether surgery was at all necessary. Significantly, claimant underwent an MRI examination which ruled out a torn rotator cuff, an ailment which, if found, would have required surgery. We find support in the record for the Court of Claims' conclusion that the need for future medical expenses was largely speculative.

We next conclude that claimant's request for an award of lost wages was properly denied. It is axiomatic that loss of earnings must be established with reasonable certainty (*see, Coutrier v Haraden Motorcar Corp.*, 237 AD2d 774, 777; *To-*

*scarelli v Purdy*, 217 AD2d 815, 818) and the initial burden of proving lost wages is on the claimant (*see, Seargent v Berben*, 235 AD2d 1024, 1025). Here, the only evidence submitted in support of this claim was claimant's testimony regarding the limitations caused by his injury and the number of days missed from work; such testimony, unaccompanied as it was by any documentation such as pay stubs or tax returns, lacked sufficient detail to support an award for lost wages (*see, id.*, at 1025; *Toscarelli v Purdy, supra*, at 818).

Finally, we find merit in claimant's assertion that the Court of Claims erred in deducting from his award the sum of medical expenses paid for by his insurance coverage. CPLR 4545 (c), provides, in part, that "in a personal injury action, if the court finds that past or future expenses, such as lost earnings, were replaced or indemnified, in whole or in part, from any collateral source, it shall reduce the amount of the award for economic losses by the amount of the collateral source" (*Abar v Freightliner Corp.*, 208 AD2d 999, 1003). CPLR 4545 (c) must be narrowly construed insomuch as it derogates the common-law rule that collateral source payments should not be deducted from an award of damages (*see, Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81, 86; *see also*, McKinney's Cons Law of NY, Book 1, Statutes § 301 [a]). Notably, the defendant bears the burden of proof with regard to evidence of collateral source payments (*see, Adamy v Ziriakus*, 231 AD2d 80, 86, *lv granted* 91 NY2d 805). Here, there was limited evidence set forth at trial and the Court of Claims failed to hold a hearing (*see, id.*). In our view, the State's evidence failed to satisfy its burden of proof regarding collateral sources. Accordingly, on the evidence provided, we conclude that an inadequate basis existed upon which the Court of Claims could calculate sums received by claimant from a collateral source. Therefore, upon review of the record, we conclude that claimant is entitled to the requested award of $3,317.09 for past medical expenses, including the previously awarded $766.36.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is modified, on the law, with costs to claimant, by reversing so much of the judgment as deducted from claimant's award the sum of medical expenses paid by claimant's insurance company, and, as so modified, affirmed.