■ GRIGORY BRITVAN et al., Appellants, v PLAZA AT LATHAM, L. L. C., et al., Respondents. (And Three Third-Party Actions.) [698 NYS2d 759] —Mugglin, J. Appeal from a judgment of the Supreme Court (Czajka, J.), entered September 24, 1998 in Albany County, upon a verdict rendered in favor of plaintiffs.

Plaintiff Grigory Britvan (hereinafter plaintiff) suffered a comminuted fracture of the right heel when he fell from a scaffold on a construction site. As a result of pretrial motions, Supreme Court granted partial summary judgment to plaintiffs

on the issue of liability. Supreme Court also denied the general contractor's motion in limine to exclude all evidence of psychological treatment and damages and granted the motion in limine by plaintiff's employer to exclude all references and testimony concerning the employer's failure to obtain workers' compensation insurance, expressly reserving, however, any final or modified ruling on these motions to the court at trial.

During the trial, after hearing an offer of proof from Stephen Altshuler, a psychologist who treated plaintiff after the accident, Supreme Court precluded Altshuler from testifying about plaintiff's anxiety disorder because Altshuler, in his testimony, could not disregard the impact of the lack of workers' compensation insurance on plaintiff's anxiety disorder. The jury awarded plaintiff $20,000 for past pain and suffering and $5,000 for future pain and suffering. The jury also awarded plaintiff's wife $2,500 for her derivative claim. Plaintiffs now appeal claiming that the awards for past and future pain and suffering were inadequate and that Supreme Court erred in precluding the testimony of plaintiff's treating psychologist.

In personal injury cases, the amount of damages is a question of fact for the jury (see, Douglass v St. Joseph's Hosp., 246 AD2d 695; Duncan v Hillebrandt, 239 AD2d 811). An award may be set aside, however, when it deviates materially from what would be reasonable compensation (CPLR 5501 [c]; see, Cochetti v Gralow, 192 AD2d 974, 975). "In order for plaintiff to prevail, the record must indicate that the evidence so preponderate[d] in his favor that the verdict could not have been reached on any fair interpretation of the evidence" (Seargent v Berben, 235 AD2d 1024, 1025). In this regard and since the amount of damages is principally a question of fact to be resolved by the jury, " 'considerable deference should be accorded to the interpretation of the evidence by the jury' " (Duncan v Hillebrandt, supra, at 813, quoting Levine v East Ramapo Cent. School Dist., 192 AD2d 1025, 1025-1026).

Here, we find no reason in the record to disturb the jury's award. The respective experts concurred as to the diagnosis and treatment of the injury suffered by plaintiff. Although the evidence of the medical experts conflicted with respect to residual arthritis at the injury site and future surgical intervention to fuse the subtalar joint to eliminate pain, it is the jury's function to determine which testimony to accept or reject. We note that the jury awarded plaintiff $2,000 for medical and rehabilitation expenses, which is consistent with the estimate by plaintiff's doctor of the cost of future fusion surgery

which would eliminate pain in the foot. The jury's expectation of the elimination of the foot pain is consistent with the limited award for future pain and suffering. We cannot say that plaintiff's evidence so preponderates in his favor that the jury did not fairly interpret the medical evidence or that the award materially deviates from what is considered reasonable compensation.

Further, we find no reason to disturb the decision by Supreme Court to preclude the testimony of plaintiff's psychologist. As a general rule, the admissibility of expert testimony is addressed to the sound discretion of the trial court (*see, Selkowitz v County of Nassau*, 45 NY2d 97). Initially, we note that the claim of psychological injury and the availability of expert testimony with respect thereto was not made known to defendants until practically the eve of trial. Supreme Court ruled that plaintiff could present evidence of psychological damages flowing from the accident that led to his foot injury. Further, the court found that the expert psychologist could testify as to the psychological injury caused by the fall. But, the offer of proof satisfied the court that the psychologist was unable to apportion psychological injury resulting from the fall, and plaintiff's inability to work from psychological injury related to the failure of his employer to have workers' compensation insurance. Since the testimony of plaintiff's psychologist was relevant to a separate cause of action arising under the Workers' Compensation Law, it was not relevant to the issue of damages at trial and would result in prejudice to defendants. Likewise, the testimony would have improperly interjected the issue of lack of insurance into the case.

Accordingly, we cannot conclude that Supreme Court committed error by excluding the proffered expert testimony.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.