■ GAIL SIMEON, Appellant, v ALLEN URREY et al., Individually and Doing Business as URREY LUMBER, et al., Respondents. [717 NYS2d 690] —Mugglin, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered July 6, 1999 in Schoharie County, upon a verdict rendered in favor of plaintiff.

Plaintiff sustained a compound comminuted fracture of her left humerus, just above the elbow joint, when her arm was pinned between a forklift bucket (in which she was riding) and the center section of the forklift. Plaintiff's husband was operating the forklift at a sawmill operated by the individual defendants.

Following trial, the jury awarded plaintiff $20,000 for pain and suffering from the date of the accident to the date of the verdict, $5,000 for future pain and suffering, and $12,320.18 for medical and hospital expenses incurred to the date of the verdict. The jury also assessed plaintiff's culpable conduct at 25%. The verdict sheet, however, contained an inconsistency since the jury answered "none" for the number of years that damages for future pain and suffering were awarded. As a result, the jury was directed to reconsider this aspect of its verdict and following a brief deliberation, it returned with a verdict of no damages for future pain and suffering.

Plaintiff's motion to set aside the verdict as against the weight of the evidence or, alternatively, for additur by Supreme Court as a result of the inconsistent verdict was denied. Plaintiff now appeals contending that the award for conscious pain and suffering from the date of the accident to the date of the verdict was inadequate and deviated materially from what would constitute reasonable compensation given the injury sustained and that the failure of the jury to make any award for future pain and suffering was against the weight of the evidence.

The amount of compensation to be awarded to an injured person is a question of fact to be resolved by the trier of fact and will only be disturbed when it deviates materially from what would be reasonable compensation (*see*, CPLR 5501 [c]; *Britvan v Plaza At Latham*, 266 AD2d 799, 800). To successfully challenge a determination as to the amount of damages to be awarded, the record evidence must preponderate in favor of the moving party to such a degree that the verdict could not have been reached on any fair interpretation of the evidence (*see*, *Britvan v Plaza At Latham*, *supra*, at 800; *see also*, *Lolik v Big V Supermarkets*, 86 NY2d 744, 745-746). Notably, since the measure of damages is a question of fact, " 'considerable deference should be accorded to the interpretation of the evi-

dence by the jury' " (*Duncan v Hillebrandt*, 239 AD2d 811, 813, quoting *Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025, 1025-1026). On this record, we are unable to conclude that an award of $20,000 deviates materially from what would be reasonable compensation for pain and suffering from the date of the injury to the date of the verdict.

We reach a different conclusion with respect to the jury's failure to award damages for future pain and suffering. The final medical report indicates that plaintiff has full range of motion, is nontender to palpation, is neurologically intact and was released to full activity without restriction. The report, however, does not refute plaintiff's and her treating physician's uncontroverted testimony that the metal plates and screws are permanently implanted in plaintiff's arm, that there is permanent scarring at the fracture and incision sites, that the arm lacks strength and is tender if struck, that the arm aches after strenuous exercise, in cold weather and when a storm is approaching, and that arthritis has developed in the elbow and will worsen over time. Under these circumstances, we are of the view that an award of no damages for future pain and suffering could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets, supra; Britvan v Plaza At Latham, supra*).

Peters and Lahtinen, JJ., concur.

Rose, J. (concurring in part and dissenting in part). We respectfully dissent from that part of the majority's decision reversing the jury's award of no damages for future pain and suffering.

Plaintiff did not testify to any physical or emotional consequences resulting from her permanent scarring. Further, her own subjective testimony that her left arm is tender and aches under certain circumstances was contradicted by her orthopedic surgeon who read from the office notes of her final examination on January 3, 1997, nine months postaccident, that the metal plate permanently implanted in her left arm was completely nontender to touch. He confirmed that she demonstrated no signs of pain, she was released to full activities without restriction and advised to return only as needed. Over two years later, at the time of trial, she had not returned for any reason. Even without such controverting evidence, the jury was at liberty to discount or reject the testimony of plaintiff (*see, People v Rose [Cousins]*, 215 AD2d 875, 876, *lvs denied* 86 NY2d 793, 801; *Brennan v Bauman & Sons Buses*, 107 AD2d 654, 655).

Plaintiff's orthopedic surgeon also testified that he observed

a bone spur and irregularity on the side of her left elbow where the injury occurred, and he described it as mild posttraumatic arthritis. However, plaintiff had full range of motion and there was no indication that this condition was the underlying cause of the asserted tenderness or aching. Moreover, the surgeon's opinion that "[t]here is a risk that her arthritis in her elbow joint would get worse over time" failed to quantify the chance of worsening, permitting the jury to consider it a mere possibility.

In our view of this record, the evidence of plaintiff's future pain and suffering does not preponderate so greatly in her favor that the jury could not have reached the verdict it did on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Calabro v Sun Oil Co.,* 276 AD2d 858). Accordingly, we would affirm the judgment based upon the jury's verdict in all respects.

Crew III, J. P., concurs. Ordered that the judgment is modified, on the law and the facts, with costs, by reversing so much thereof as failed to award plaintiff damages for future pain and suffering; matter remitted to the Supreme Court for a new trial on the issue of said damages; and, as so modified, affirmed.