■ JAMES A. MADSEN et al., Respondents, v DEBRA J. MEROLA et al., Appellants. [732 NYS2d 150] —Mercure, J. Appeal from a judgment of the Supreme Court (Lang, Jr., J.), entered October 31, 2000 in Rensselaer County, upon a verdict rendered in favor of plaintiff.

Plaintiffs commenced this action to recover damages for injuries plaintiff James A. Madsen (hereinafter plaintiff) sustained to his right knee and groin on July 31, 1995, when the motorcycle he was operating was struck by a car driven by defendant Debra J. Merola. The action proceeded to trial, and the jury found defendants solely liable for plaintiff's injuries and awarded him damages of $75,000 for past pain and suffering. No damages were awarded for plaintiff's future pain and suffering or on plaintiff Antoinette Madsen's derivative cause of action. Defendants appeal, and we affirm.

Initially, we reject the contention that Supreme Court erred in denying defendants' motion to strike plaintiff's testimony regarding the alleged injury to his groin and testicular area. There can be no question that where an injury is "beyond the observation of the lay jury," expert medical testimony is required to causally link it to the accident (*Brown v County of Albany*, 271 AD2d 819, 821, *lv denied* 95 NY2d 767). In this case, however, all of the testimony addressed in defendants' brief merely represents plaintiff's own reports of the past and present pain and discomfort that he experienced in his testicles and, to a lesser degree, the impact that pain and discomfort had upon his ability to engage in sexual relations. In our view,

the condition described by plaintiff was not beyond the understanding of the lay jury, and expert medical testimony was not required to causally connect it to the accident.

Even if this were not so, we also conclude that sufficient expert evidence was adduced at trial. In the absence of direct evidence, causation "may be inferred from the facts and circumstances underlying the injury, [provided] the evidence [is] sufficient to permit a finding based on logical inferences from the record and not upon speculation alone" (*Silva v Village Sq.*, 251 AD2d 944, 945; *see, Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744). Here, plaintiffs submitted emergency room records indicating that there was blood in plaintiff's urine following the accident and that he had sustained a bladder injury. Although plaintiff's treating physician stated that he could only "assume" the groin injury was caused by the accident, his opinion was based on his physical examination of plaintiff and review of the emergency room records (*see, Matott v Ward*, 48 NY2d 455, 461) and defendants failed to proffer any evidence to controvert that explanation of the injuries sustained.

We also reject the contention that the jury's award of damages was excessive. An award of damages may be set aside only when it deviates materially from what would be reasonable compensation (CPLR 5501 [c]; *see, Cochetti v Gralow*, 192 AD2d 974, 975). In order for defendants to prevail on their motion to set aside the verdict, the record must indicate that the evidence so predominated in their favor that the verdict could not have been reached on any fair interpretation of the evidence (*see, Britvan v Plaza at Latham*, 266 AD2d 799, 800; *Seargent v Berben*, 235 AD2d 1024, 1025). In this regard and because the amount of damages is principally a question of fact to be resolved by the jury, " 'considerable deference should be accorded to the interpretation of the evidence by the jury' " (*Duncan v Hillebrandt*, 239 AD2d 811, 813, quoting *Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025, 1026; *see, Douglass v St. Joseph's Hosp.*, 246 AD2d 695, 697).

Without doubt, the evidence established a prior injury to plaintiff's right knee and, in fact, that reconstructive surgery had been performed only a few months prior to the present accident. Plaintiff's treating orthopedist testified, however, that the accident caused a hyperextension type injury to plaintiff's knee and records of office visits between 1995 and 1998 reveal fluid build-up in plaintiff's knee and indicate that plaintiff was periodically experiencing pain, popping and buckling of the knee. In April 2000, plaintiff also began to visit a physical re-

habilitation specialist, who observed significant medial-lateral looseness of the ligament in plaintiff's right knee and prescribed pain medication and a knee brace to remedy the buckling he was experiencing. Under the circumstances, we are not persuaded that the award materially deviates from what is considered reasonable compensation (*see, Britvan v Plaza at Latham, supra*).

As a final matter, we are not persuaded that in prosecuting this appeal, defendants have engaged in frivolous conduct or that sanctions are otherwise appropriate.

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.