■ EMMA J. DISHAW et al., Appellants, v KEVIN A. JONES et al., Respondents. [745 NYS2d 327] —Mugglin, J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 23, 2001 in St. Lawrence County, which denied plaintiffs' motion to set aside the verdict.

The sole issue on this appeal is the adequacy of a jury verdict awarding plaintiff Emma J. Dishaw (hereinafter plaintiff) $2,000 for past pain and suffering and $11,960 for future pain and suffering, and awarding plaintiff John E. Dishaw zero on his derivative claim. It is well settled that "[t]he amount of compensation to be awarded to an injured person is a question of fact to be resolved by the trier of fact and will only be disturbed when it deviates materially from what would be reasonable compensation" (*Simeon v Urrey*, 278 AD2d 624, 624; *see*, *Murphy v Lewry*, 235 AD2d 968, 969). Considerable deference is given to the jury's interpretation of the trial evidence as it relates to the determination of damages, and an award will be disturbed only when the verdict rendered could not have been reached on any fair interpretation of the evidence (*see*, *Duncan v Hillebrandt*, 239 AD2d 811, 813; *Simeon v Urrey*, *supra* at 624).

Applying these settled principles to the facts of this case results in an affirmance. Plaintiffs' experts testified that, as a result of this accident, plaintiff suffered injuries to her left temporal mandibular joint (hereinafter TMJ), her neck, left shoulder and left arm. Defendants' proof, however, established that plaintiff had been involved in three prior automobile accidents and an industrial accident, that she was classified totally disabled by the Social Security Administration prior to this accident, that except for the TMJ injury, she had received extensive treatment for the other injuries claimed in this accident, and that some of her current complaints result not from trauma, but from degenerative conditions. Moreover, defen-

dants established that plaintiff failed to mitigate her damages by refusing recommended neck fusion surgery and recommended treatment for her TMJ condition, choosing instead to "live with" those problems.

Finally, with respect to the derivative claim, plaintiff testified on cross-examination, in essence, that she could not think of anything that she was unable to do after this accident that she could do prior to this accident. Under these circumstances, we conclude that the totality of the trial evidence furnishes an appropriate basis for the jury's damage determinations and that these awards did not deviate materially from reasonable compensation and should be affirmed (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.