■ April M. Kappes et al., Respondents, v Cohoes Bowling Arena, Inc., Doing Business as Green Island Lanes, Appellant. [768 NYS2d 251]—

Rose, J. Appeal from an order of the Supreme Court (Lamont, J.), entered October 4, 2002 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff April M. Kappes (hereinafter plaintiff) when she slipped and fell while bowling at defendant's premises. She contends that, on her first approach to the lane with the ball, she took two steps and slipped on a transparent film of oil in the approach area. Her feet went out in front of her, she fell on her back and slid to a stop with her body half over the foul line. Defendant moved for summary judgment dismissing the complaint on the grounds that no dangerous condition existed in the approach area to the lane and plaintiff assumed any risk that she encountered there. Finding issues of fact as to whether oil was present and caused plaintiff's fall, Supreme Court denied defendant's motion. Defendant now appeals and we affirm.

"In order to recover in a personal injury action based upon a slip and fall on a foreign substance, a plaintiff must ultimately establish that the defendant either created the condition which caused the fall or had actual or constructive notice of it" (*Altieri*

*v Golub Corp.*, 292 AD2d 734, 734 [2002] [citation omitted]). The undisputed facts here indicate that shortly before plaintiff's fall, defendant's employee oiled the lane which she was told to use and then moved the lane-oiling machine across the approach area of her lane to an adjacent lane. However, there is a clear conflict in the record as to whether oil was present on the approach prior to plaintiff's fall. Plaintiff and her sister testified that oil was present there, it caused her fall and soaked the back of her head and sweater once she fell. In his affidavit, defendant's employee averred that the machine he used to oil the lanes did not leak oil, and he inspected the approach to plaintiff's lane and found it to be free of oil five minutes before she began using the lane.

Thus, while defendant's submissions were sufficient to meet its burden of showing the absence of any dangerous condition of which it had notice, Supreme Court correctly concluded that plaintiff raised an issue of fact as to whether defendant's acts or omissions created an unsafe condition in the approach to her lane (*see id.* at 734; *Overton v Leisure Time Recreation*, 280 AD2d 655, 655 [2001]; *cf. Williams v Hannaford Bros. Co.*, 274 AD2d 649 [2000] [injured party failed to raise issue of fact as to what foreign substance, if any, caused the fall]). Inasmuch as the record indicates no other possible source of the slippery condition alleged by plaintiff, a finding that oil was present on the lane approach before she fell would permit a logical inference that its presence was the result of defendant's acts or omissions and make it unnecessary for plaintiffs to otherwise demonstrate actual or constructive notice (*see Madsen v Merola*, 288 AD2d 520, 521 [2001]).

Finally, we agree with Supreme Court's finding that "[i]t is beyond cavil that a bowler does not assume the risk that oil will be present in the approach area of a bowling lane" (*see Connor v Tee Bar Corp.*, 302 AD2d 729, 730 [2003]; *cf. Conary v Clover Lanes*, 199 AD2d 1067, 1067 [1993] [finding issue of fact where bowler crossed foul line]).

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.