Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered October 5, 2007 in a personal injury action. The judgment awarded a structured judgment to plaintiff upon a jury verdict.
It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting the motion to set aside the verdict in part and setting aside the award of damages for future loss of earnings and future pain and suffering, and by *1135 granting the motion for a collateral source offset in part and reducing the award of damages for past medical expenses by the amount paid by plaintiffs health insurer minus the amount of plaintiffs contributions for health care coverage, and as modified the judgment is affirmed without costs, and a new trial is granted on damages for future pain and suffering only unless plaintiff, within 30 days of service of a copy of the order of this Court with notice of entry stipulates to reduce the award of damages for future pain and suffering to $825,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff, a school principal employed by the Board of Education of defendant City of Buffalo (City), commenced this action seeking damages for injuries she sustained when officers from defendant Buffalo Police Department placed her under arrest for refusing to allow the officers to speak with a student. The City conceded liability on behalf of its Police Department and defendant John Sanders, the arresting officer, and, after a trial on damages only, the jury awarded plaintiff the sum of $1,636,000. Defendants made a post-trial motion to set aside the verdict, whereupon Supreme Court reduced the award for future pain and suffering from $1.2 million to $825,000. In addition, the court denied the City’s motion for a collateral source offset for past and future medical expenses or, alternatively, a collateral source hearing. We note at the outset that, although plaintiff took a cross appeal from the order deciding defendants’ post-trial motion to set aside the verdict rather than from the judgment in which that order was subsumed (see Matter of Amherst Med. Park, Inc. v Amherst Orthopedics, P.C., 31 AD3d 1131, 1132 [2006]), we exercise our discretion to treat plaintiffs notice of cross appeal as valid and deem the cross appeal as taken from the judgment (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988 [1988]; see also CPLR 5520 [c]).
Contrary to defendants’ contention, the jury’s award for future medical expenses was not “based upon mere speculation” (Faas v State of New York, 249 AD2d 731, 732 [1998]). Viewing the evidence in the light most favorable to plaintiff, we conclude that plaintiff established “with reasonable certainty” that she would require future surgery (Huff v Rodriguez, 45 AD3d 1430, 1433 [2007]; see Beh v Jim Willis & Sons Bldrs., Inc., 28 AD3d 1227, 1228 [2006]). We agree with defendants, however, that plaintiff failed to establish future loss of earnings with the requisite “reasonable certainty” (Faas, 249 AD2d at 732). Plaintiff offered no evidence of the amount of work that she would be required to miss in the event that she underwent *1136 multilevel disc fusion surgery as opposed to multiple-disc replacement surgery, and thus there is no basis for the jury’s award of $36,000 for future loss of earnings. We therefore modify the judgment accordingly.
We also agree with defendants that the court erred in reducing the award of damages for future pain and suffering directly rather than setting aside the verdict in that respect and granting a new trial in the event that plaintiff refused to stipulate to a specified reduced amount. A court “may direct a new trial on damages only unless the plaintiff agrees to entry of judgment in a specific amount, but does not have the authority to reduce the verdict directly” (Feathers v Walter S. Kozdranski, Inc., 129 AD2d 975 [1987]), and the court may set aside a jury’s award of damages only if “it deviates materially from what would be reasonable compensation” (CPLR 5501 [c]; see Huff, 45 AD3d at 1433). We conclude that the evidence, viewed in the light most favorable to plaintiff, established that plaintiff sustained herniated discs at C4-5, C5-6 and C6-7, which were accompanied by spinal cord compression and nerve root compression. Those injuries resulted in, inter alia, a significantly limited range of motion in plaintiffs neck, headaches, muscle spasms and weakness, persistent chronic and severe neck pain, and numbness and tingling in plaintiffs left arm. Plaintiff also suffered from posttraumatic stress disorder. Plaintiff was unable to work for more than three months based on her psychological condition, but then had resumed her full-time work. Plaintiffs physicians testified that plaintiff will require fusion surgery to relieve some of her symptoms. Although plaintiff is able to perform the activities of her daily life, she is unable to enjoy many activities that she had previously enjoyed, such as skiing and gardening, and she has had trouble sleeping.
Based on that evidence, we conclude that the award of $1.2 million for plaintiffs future pain and suffering, covering a period of 32.6 years, deviates materially from what would be reasonable compensation (see Huff, 45 AD3d at 1433-1434; Gehrer v Eisner, 19 AD3d 851, 853 [2005]; Rountree v Manhattan & Bronx Surface Tr. Operating Auth., 261 AD2d 324, 328 [1999], lv denied 94 NY2d 754 [1999]). Indeed, we agree with the court that the highest amount the jury could have awarded plaintiff for her future pain and suffering is $825,000. We therefore further modify the judgment accordingly, and we grant a new trial on damages for future pain and suffering only unless plaintiff, within 30 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce that award to $825,000, in which event the judgment is modified accordingly.
*1137 Defendants further contend that the court erred in denying the City’s motion for a collateral source offset or, alternatively, a collateral source hearing with respect to plaintiffs past and future medical expenses. We agree with defendants only with respect to past medical expenses. As an initial matter, we note that the court properly determined that subdivision (b) rather than subdivision (c) of CPLR 4545 applies in this case. The record establishes that the City is a public employer within the meaning of CPLR 4545 (b) (2) and that plaintiff is a public employee of the City, through its school district. We thus agree with the court that CPLR 4545 (b) applies herein because the City “provided or paid for” the medical benefits received by plaintiff, for which defendants seek a collateral source offset (CPLR 4545 [b] [1]; see Hothan v Metropolitan Suburban Bus Auth., 289 AD2d 448, 449 [2001], lv dismissed 98 NY2d 671 [2002]). As defendants correctly acknowledge, the City is not entitled to a collateral source offset for future medical expenses pursuant to CPLR 4545 (b) (see Iazzetti v City of New York, 94 NY2d 183, 188 [1999]).
We agree with defendants, however, that the court erred in failing to grant a collateral source offset for past medical expenses pursuant to CPLR 4545 (b). Pursuant to the terms of plaintiffs health care policy, the health insurer is entitled to reimbursement for past medical benefits paid from a “judgment [plaintiff] receive[s] from the party responsible for [plaintiffs] . . . injury.” In this case, however, the collateral offset provision of CPLR 4545 (b) (1) precludes plaintiff from recovering medical benefits previously provided by the City. We therefore conclude that the City is entitled to an offset in the amount of $5,744.76 for past medical expenses paid by plaintiffs health insurer, minus the “amount equal to the contributions” of plaintiff for the health care coverage (CPLR 4545 [b] [1]). We therefore further modify the judgment accordingly. Present— Scudder, BJ., Hurlbutt, Martoche, Smith and Lunn, JJ.