■ TERRY L. OLMSTED, Appellant, v PIZZA HUT OF AMERICA, INC., Respondent. [917 NYS2d 742]—

Rose, J. Appeal from an order of the Supreme Court (Cerio, Jr., J.), entered October 27, 2009 in Madison County, which denied plaintiff's motion to, among other things, set aside a verdict partially in favor of defendant.

Plaintiff received an electrical shock in the course of her employment at defendant's premises in 1999. She then commenced this action in 2002, seeking to recover damages for her alleged injuries. In 2008, Supreme Court (Garry, J.) found that defendant had willfully failed to produce any witness who had knowledge of the electrical system and its installation. The court then resolved the issue of liability in plaintiff's favor by striking the relevant portions of defendant's answer pursuant to CPLR 3126. We affirmed that order (*Olmsted v Pizza Hut of Am., Inc.*, 61 AD3d 1238 [2009]), and the case proceeded to a jury trial on damages. The jury awarded plaintiff $2,500 for past medical expenses, $10,500 for lost earnings, $2,500 for past pain and suffering, and nothing for future damages. Plaintiff's posttrial motion to set aside the verdict or, alternatively, for additur, was denied. She now appeals.

Plaintiff first contends that the disclosure penalty striking defendant's answer as to liability resulted in a finding that her

injuries were permanent and causally related to the 1999 incident. She argues, therefore, that Supreme Court (Cerio, Jr., J.) erred by instructing the jury concerning the aggravation of any preexisting injury (see PJI 2:282). Neither contention has merit. A trial on damages generally includes questions of causation (see e.g. Vogel v Cichy, 53 AD3d 877 [2008]; McGillvery v City of New York, 22 AD3d 537 [2005]). Here, Supreme Court (Garry, J.) clearly preserved all issues related to damages, including any defenses thereto. In addition, there was ample evidence to support the charge to the jury (see Schou v Whiteley, 9 AD3d 706, 709-710 [2004]). We are also unpersuaded by plaintiff's argument that the general rule requiring the plaintiffs to plead aggravation of an injury in order to be entitled to recover for such aggravation should be applied to the defendants who seek to mitigate damages by presenting evidence of the plaintiffs' preexisting injuries (see e.g. Anderson v Dainack, 39 AD3d 1065, 1067-1068 [2007]; Johnson v Grant, 3 AD3d 720, 721 [2004]).

As for plaintiff's contention that the damages are inadequate, we will uphold the jury's determination unless "it deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; see Dishaw v Jones, 296 AD2d 819, 819 [2002]; Simeon v Urrey, 278 AD2d 624, 624 [2000]). The jury's interpretation of the evidence is entitled to considerable deference, and we will not disturb it unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence (see Garrison v Lapine, 72 AD3d 1441, 1442 [2010]; Doviak v Lowe's Home Ctrs., Inc., 63 AD3d 1348, 1353 [2009]; Teller v Anzano, 263 AD2d 647, 648-649 [1999]). Here, there was sharply conflicting evidence as to the permanency of plaintiff's injury and the cause of her current complaints. In addition, serious doubt was cast upon plaintiff's credibility by her failure to reveal her preexisting injuries to her treating and examining physicians, as well as her lack of candor during her deposition with respect to her prior complaints and current limitations. Thus, the jury was free to resolve the conflicts in the evidence and the issues of credibility in defendant's favor and, having done so, it could have reasonably concluded that the injuries she sustained as a result of the electrical shock were resolved at the time of trial and not the cause of her continuing complaints (see Garrison v Lapine, 72 AD3d at 1442-1443; Teller v Anzano, 263 AD2d at 649).

Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.