■ JUSTIN LUIS SANTANA, an Infant, by His Mother and Natural Guardian, LATISHA SANTANA, Respondent, v STATE OF NEW YORK, Appellant. [938 NYS2d 157]—

On May 12, 2007, the infant claimant's mother (hereinafter the mother) slipped on water and fell to the floor at Queensboro Correctional Facility, a facility owned and operated by the defendant, in the course of her employment as a corrections officer. The mother, who was pregnant, was transported to Elmhurst Hospital and gave birth, prematurely, to the claimant later that same day. The claimant, by his mother, brought the instant claim against the defendant, seeking to recover damages for personal injuries he allegedly sustained as a result of the mother's slip and fall. In the claim and his bills of particulars, the claimant alleged that the mother's slip and fall, which he identified as the "incident" or the "occurrence" at issue, had been caused by the defendant's negligence and that, as a result of such negligence, he had sustained severe injuries, including his premature birth.

Following a nonjury trial on the issue of liability only, the Court of Claims concluded that the claimant had proven, by a preponderance of the credible evidence, that the mother's slip and fall had been proximately caused by a dangerous and recurring condition of which the defendant had notice, and it entered an interlocutory judgment finding the defendant "100% liable." The defendant appeals, and we affirm.

On appeal, the defendant's sole contention is that the determination of liability is unsupported by the record because the claimant failed to offer any evidence of a causal connection between the occurrence of the mother's slip and fall and the alleged injury of his premature birth. However, the liability phase of a bifurcated trial is not the proper juncture at which to adjudicate issues regarding the injuries of the party prosecuting the case. "Indeed, in a jury trial the jury is commonly instructed to decide only the question of liability and to disregard as irrelevant any reference to injuries or medical treatment" (*Perez v State of New York*, 215 AD2d 740, 741 [1995], citing PJI 1:35A; *see Abbas v Cole*, 44 AD3d 31, 34 [2007]; *see also DiCesare v Glasgow*, 295 AD2d 1007, 1009 [2002]). Following the trial on the issue of liability only, the Court of Claims' determination that the defendant was 100% at fault was properly based upon

its uncontested findings that the defendant had notice of the dangerous condition which was a proximate cause of the mother's slip and fall (*see Diaz v Parsons Props.*, 309 AD2d 892, 893 [2003]), the occurrence that was the subject of the liability trial. During that phase of the trial proceedings, the claimant was not required to prove a causal connection between that occurrence and his alleged injury of premature birth in order to establish the defendant's liability (*see Perez v State of New York*, 215 AD2d at 741; *see also* PJI 2:70). "A trial on damages generally includes questions of causation" (*Olmsted v Pizza Hut of Am., Inc.*, 81 AD3d 1223, 1224 [2011]; *see Vogel v Cichy*, 53 AD3d 877 [2008]; *McGillvery v City of New York*, 22 AD3d 537 [2005]; *Cardella v Henke Mach.*, 283 AD2d 894 [2001]), and in this case, notwithstanding the Court of Claims' findings that damages were sustained, the claimant will be required to prove a causal connection between the mother's slip and fall and his alleged injuries, including his premature birth, during the damages phase of the trial proceedings in order to obtain recovery for those alleged injuries. Skelos, J.P., Eng, Austin and Miller, JJ., concur.