Lahtinen, J.
Cross appeals from a judgment and an amended judgment of the Supreme Court (O’Connor, J.), entered October 19, 2011 and August 21, 2012 in Sullivan County, upon a verdict rendered in favor of plaintiffs.
In December 2007, plaintiff Grzegorz Leszczynski (hereinafter plaintiff) was injured when a frozen conglomerate of number two stone, estimated to be the size of a bowling ball and weighing 40 to 80 pounds, fell on his head while he was standing in a trench where he was working installing sewer pipe. He was employed by Osterhoudt Excavating, Inc., the general contractor, on a project to install a sanitary sewer extension in the Town of Never sink, Sullivan County. The project had been funded by the New York City Department of Environmental Protection, which required that a safety consultant be hired. Osterhoudt had contracted with defendant IMS Safety, Inc. (hereinafter defendant) to serve as its safety consultant and defendant had assigned an employee to be present at the project daily.
Plaintiff and his wife, derivatively, commenced this action premised upon Labor Law §§ 200 and 241 (6) against defendant Town of Never sink, the project’s engineering firm and defendant. The action against the engineering firm was dismissed prior to trial and a bifurcated trial was conducted, during which plaintiffs settled with the Town. The jury did not find Labor Law § 200 liability, but it did find defendant liable under Labor Law § 241 (6). A separate trial on damages ensued and the jury awarded $36,101.37 for past medical expenses, $150,000 for past lost earnings, $25,000 for past pain and suffering, $100,000 for future lost earnings and $150,000 for future pain and suffering. Plaintiff’s wife received $25,000 on her derivative claim. The award for plaintiffs past lost earnings was reduced by stipulation to $143,700.50 since the award exceeded the proof at trial, resulting in a total verdict for plaintiffs of $479,801.87. Plaintiffs and defendant appealed.
Defendant argues that the proof at trial failed to establish that it was a contractor or agent for Labor Law § 241 (6) purposes, and also failed to show that it violated a regulation of the Industrial Code. Labor Law § 241 (6) “ ‘requires owners and contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety *1185 rules and regulations promulgated by the Commissioner of the Department of Labor’ ” (Misicki v Caradonna, 12 NY3d 511, 515 [2009], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]). Although a safety consultant generally is not liable to an injured worker under the Labor Law (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 148 [2012]), it is not the title that is dispositive, but whether such defendant had sufficient supervision and control over the activity that resulted in the injury (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]). We have previously stated that “[subcontractors may be liable as agents under Labor Law § 241 (6) when they have been specifically contractually delegated the duty or obligation to correct unsafe conditions or maintain work site safety” (Musillo v Marist Coll., 306 AD2d 782, 784 [2003]).
The contract between defendant and Osterhoudt set forth that a representative of defendant would be at the work site daily, make inspections, conduct safety meetings and have authority to require “immediate corrective action for imminent danger situations.” Defendant’s representative was continuously at the site throughout the project, and he exercised his power on several occasions prior to the accident by stopping work and requiring defendant to take specific precautions or actions. He was present when the accident occurred. Osterhoudt’s employees were aware that defendant’s representative had the authority to stop work and that his directions regarding safety were to be followed. While the jury could have reasonably come to a different conclusion, there was sufficient evidence for its finding that defendant acted as an agent of Osterhoudt.
The record supports the jury’s finding that the Industrial Code provision set forth in 12 NYCRR 23-9.4 (h) (5) was violated. This regulation “sets forth a specific standard of conduct and [is] not simply a recitation of common-law safety principles” (St. Louis v Town of N. Elba, 16 NY3d 411, 414 [2011] ; see Kropp v Town of Shandaken, 91 AD3d 1087, 1091 [2012] ; Copp v City of Elmira, 31 AD3d 899, 900 [2006]). Plaintiff was in an 8-to-10-foot trench, while a side dump loader retrieved stones to be dumped near the trench and then moved directly onto the trench by an excavator bucket. There was proof that, during this process and in violation of the regulation, elevated buckets carrying stones were used in an area where plaintiff was working, and he was in danger of being struck by material falling from the load.
We consider next plaintiffs’ contention that the jury’s award of damages deviated materially from reasonable compensation.
*1186 “The assessment of damages in a personal injury action is primarily a factual determination to be made by the jury, and is accorded great deference unless it ‘deviates materially from what would be reasonable compensation’ ” (Lolik v Big V Supermarkets, 266 AD2d 759, 760 [1999], quoting CPLR 5501 [c] [citations omitted]; see Olmsted v Pizza Hut of Am., Inc., 81 AD3d 1223, 1224 [2011]). The jury was presented with considerable and conflicting proof regarding damages, requiring it to weigh the evidence and make credibility determinations. Plaintiff did not seek immediate medical help. He was eventually treated for, among other things, a concussion and herniated disc at L5-S1. When conservative treatment failed to resolve his back problems, he underwent surgery for his herniated disc. There was evidence indicating a positive result from plaintiff’s surgery and, while there were some limits on his abilities, he was able to return to drive and operate heavy equipment. Many of plaintiff’s past and continuing complaints involved subjective claims, and evidence of back problems prior to the accident was also presented. The economic impact projected by plaintiffs’ expert rested, in part, on accepting subjective claims of plaintiff, which the jury could have reasonably found not fully convincing. Similarly, the testimony regarding the derivative claim implicated issues of credibility for the jury. Upon review of the proof presented, we are unpersuaded to disturb the jury’s determination.
Rose, J.P., Spain and Garry, JJ., concur. Ordered that the judgment and amended judgment are affirmed, without costs.