■ MONROE LEE, Appellant, v. GENERAL BAKING Co. et al., Respondents, et al., Defendant.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered March 9, 1970 in favor of defendants General Baking Co. and Warren Fischer, upon the trial court's decision dismissing the complaint at the close of plaintiff's case at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. Plaintiff testified that at about 7:30 or 8:00 P.M. on June 26, 1963 he entered a parking lot owned by defendant Rapid Auto Laundry, Inc. on Franklin Avenue, Brooklyn, in order to wait for his girlfriend. On the afternoon of that day he had half a pint of whiskey to drink and while he was waiting he grew tired and dropped off to sleep. The testimony revealed that the spot plaintiff chose for his nap was part of a space rented to defendant General Baking Company for the overnight parking of a 50-foot long tractor-trailer truck. The parking space was immediately adjacent to the north wall of the lot, alongside a chain link fence which ran from the back of the property to Franklin Avenue. Ordinarily, the space was clearly illuminated by two spot-

lights which were affixed to the wall of a nearby building at a height of six or seven feet. Defendant Fischer was employed by defendant General Baking Company as the driver of the tractor-trailer truck. Plaintiff read into evidence portions of Fischer's pretrial deposition in which he had testified that at about 10:00 P.M. on the night in question he drove from General Baking Company's plant to the parking lot. Fischer stated he was alone in the truck and that he looked into the space before backing up, but did not see plaintiff. As he was backing, he continually looked out of the cab into the space. Suddenly he heard a man cry out, he stopped and he observed plaintiff lying on the ground near the front wheel of the tractor. The entire trailer had passed over plaintiff. Fischer and the manager of the parking lot both stated that the lights which ordinarily illuminated the parking space were burned out on the night of the accident. Plaintiff, on the other hand, testified that the lights were " on and shining " and that he was wearing a light pair of pants and a white shirt. Furthermore, there was evidence that there were some 23 lights on the truck itself. At the trial, plaintiff admitted his contributory negligence, but based his case on the doctrine of last clear chance. At the close of his case the trial court dismissed the complaint on the ground that plaintiff had failed, either by direct or circumstantial evidence, to prove an essential element of this doctrine, namely, that the defendant driver had actual knowledge of plaintiff's position of danger within a sufficient time to exercise ordinary care to avoid the accident. We disagree. While the trial court was entirely correct in stating that a finding of actual knowledge of plaintiff's peril is still an essential element of the doctrine of last clear chance (*Panarese* v. *Union Ry. Co.*, 261 N. Y. 233, 236–237; *Woloszynowski* v. *New York Cent. R. R. Co.*, 254 N. Y. 206, 208; *Storr* v. *New York Cent. R. R. Co.*, 261 N. Y. 348; *Srogi* v. *New York Cent. R. R. Co.*, 247 App. Div. 95; *Wright* v. *Union Ry. Co*, 224 App Div. 55, affd. 250 N. Y. 526; *Rudman* v. *New York City Tr. Auth.*, 27 A D 2d 909; PJI 2:60, pp. 143–145), it is our opinion that the evidence was sufficient to have that question submitted to the jury for resolution. The jury was entitled to believe plaintiff's version of the accident and his testimony would support a finding that the parking space was well lit and that he, lying in the middle of the space, dressed in light clothes, was highly visible. Fischer testified that he looked at the space before backing in but did not see plaintiff. It has been held that testimony that one has looked but did not see what was there to be seen is incredible and that either he did not look as claimed or, if he did look, that he saw but disregarded (*Betancourt* v. *Wilson,* 3 A D 2d 465, 466; *Unger* v. *Belt Line Ry. Corp.*, 234 N. Y. 86, 90; *Weigand* v. *United Traction Co.*, 221 N. Y. 39, 42). This was a jury question. Accordingly, it was error for the trial court to dismiss the complaint at the close of plaintiff's case, since the jury could have found that Fischer saw but disregarded the sleeping plaintiff. Because of the existence of this question of fact as to Fischer's awareness of the peril and his ability to have avoided the accident, a new trial is required. Shapiro, Gulotta and Benjamin, JJ., concur; Latham, Acting P. J., and Brennan, J., dissent and vote to affirm, with the following memorandum: In our opinion plaintiff failed to prove by direct or circumstantial evidence that the defendant driver had actual knowledge of plaintiff's position of peril and had an opportunity to avoid the accident. On the trial, plaintiff appears to have conceded the foregoing, since he merely argued that constructive knowledge is sufficient to satisfy the doctrine of last clear chance. We disagree. Actual knowledge is required (*Panarese* v. *Union Ry. Co.*, 261 N. Y. 233, 236–237; and further cases cited by the majority). Accordingly, the trial court's dismissal of the complaint was entirely proper and the judgment should be affirmed.