■ CELIA COOPER et al., Appellants, v MET MERCHANDISING, INC., et al., Respondents. R. H. COSMETICS CORP., Third-Party Plaintiff, v BARFRED LABORATORIES, Third-Party Defendant.—Order, Supreme Court, New York County, entered August 27, 1979, which denied plaintiffs' motion to serve an amended complaint, with leave to renew upon papers explaining the delay in moving to amend, unanimously reversed, on the law, without costs and disbursements, and the motion granted. Plaintiffs (husband and wife) instituted action against a retailer, defendant Met Merchandising, Inc., and its supplier, the distributor defendant, R. H. Cosmetics Corp., to recover damages for injuries sustained by the wife following the use of a product known as "Florence Wilson Nail Strengthener." The complaint sounded in breach of express warranty. The retailer, in turn, cross-claimed against the distributor, alleging negligence in the preparation of the product and breach of warranty of fitness and use. The distributor, in turn, impleaded third-party defendant Barfred Laboratories, the alleged manufacturer, alleging negligence and breach of warranty on the latter's part. An action was then instituted by plaintiff against the manufacturer sounding in breach of express warranty. After consolidation of these actions and the case being placed on the calendar, plaintiffs moved to add causes of action in strict products liability, negligence and breach of implied warranty. The proposed amendment of the complaint herein merely sets forth additional theories of recovery based upon the same facts. Indeed, the interposition of the cross claim and third-party complaint naturally flowing from these same alleged facts reinforces the conclusion that no undue surprise or prejudice will accrue from the plaintiffs' successful endeavor to so amend the complaint. As aptly noted in Weinstein-Korn-Miller, New York Civil Practice (vol 3, par 3025.16): "*In most cases,* however, amendment should be denied when the moving party has not only been guilty of delay in requesting the amendment *but the delay has worked to the prejudice of another party and cannot be rectified* by the court" (emphasis supplied). The key at all times is surprise and prejudice—(see discussion in 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.28). Patently, the policy of liberal amendment is well recognized in New York (see CPLR 3025). Similarly, liberality of amendment is viable even in the trial context itself. The Second Department in *Princiotto v Materdomini* (45 AD2d 883, 884) declared: "We no longer follow the rule that a plaintiff can only recover, if at all, on the precise theory of the complaint *(Diemer v. Diemer,* 8 N Y 2d 206; *Lane v. Mercury Record Corp.,* 21 A D 2d 602, affd. 18 N Y 2d 889). Indeed, the public policy in favor of liberal amendments is so great that this court has, on its own motion, conformed the pleadings to the proof on the appellate level when a plaintiff has established his right to recover on a theory not pleaded (see *Habor Assoc. v. Asheroff,* 25 A D 2d 667)." However, in light of the dilatory aspect in plaintiffs' moving to amend the complaint at this stage of the litigation, we have determined not to award costs and disbursements incurred on this appeal. Concur—Birns, J. P., Fein, Sullivan, Markewich and Lupiano, JJ.