■ KEITH A. HOYT, Appellant, v MARYANN McCANN, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (Levitt, J.), entered February 24, 1981, which is in favor of defendant following a jury trial limited to the issue of liability, and (2) an order of the same court, dated December 16,

1980, which denied his motion to set aside the verdict. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed. Defendant is awarded one bill of costs. Plaintiff was traveling on the Long Island Expressway in the westbound center lane at around 10:00 P.M. on November 9, 1977, when he observed a station wagon stopped in the center lane and a man standing at the side of it. Plaintiff pulled in front of the stopped vehicle and went to the person's assistance. A few minutes later the defendant came upon the scene, also driving in the westbound center lane. She testified that she had been traveling behind a van for a few miles when it suddenly pulled into another lane, confronting her with the stopped vehicle. She applied her brakes immediately and then struck the plaintiff and the station wagon. The jury found no negligence on the part of the defendant. On appeal the plaintiff argues that the trial court erred in permitting the defendant to amend her answer during trial to assert the affirmative defense of assumption of risk and in failing to charge as to the doctrine of last clear chance. The court did not err in permitting the defendant to amend her answer after the trial began. The issue on such amendments is whether the adversary is subject to surprise and prejudice (*Cooper v Met Merchandising,* 75 AD2d 519; *Meyer v State of New York,* 92 Misc 2d 996, 1002). The plaintiff cannot make such claim since defendant's answer alleged that plaintiff's injuries were caused, or contributed to, by his own culpable conduct and negligence. The facts concerning plaintiff's alleged culpable conduct were not secret and plaintiff was well aware of what the defendant intended to prove at trial. Permitting the defendant to plead the affirmative defense of assumption of risk did not prejudice the plaintiff. Rational distinctions between assumption of the risk and contributory negligence are tenuous (Prosser, Torts [4th ed], § 68, p 441; 2 Harper & James, The Law of Torts, § 21.1, pp 1167-1168; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1411:1, p 386). In adopting CPLR article 14-A, the Legislature designated both assumption of risk and contributory negligence as culpable conduct to be considered in assessing the parties' comparative negligence. Since the plaintiff had been apprised that the defendant would seek to prove that his culpable conduct led to or caused his injuries, he was not harmed when the answer was amended (see *Meyer v State of New York,* 92 Misc 2d 996, 1001-1002, *supra*). Nor was the refusal to charge the last clear chance doctrine error. The doctrine was created in response to the harsh consequences of the contributory negligence rule (Prosser, Torts [4th ed], § 66, p 428). Since the adoption of comparative negligence, the last clear chance doctrine has lost its viability (see, e.g., 21st Ann Rep of NY Jud Conf, 1976, pp 243-244; Survey of New York Practice, 50 St John's L Rev 179, 199). Since the doctrine has not survived the passage of CPLR article 14-A, "the factors which the doctrine took into consideration are now to be considered in determining the issues of culpable conduct and causation of damages" (see 2A Weinstein-Korn-Miller, NY Civ Prac, par 1411.05, p 14-A-10). Finally, upon review of the record, we decline to substitute our own findings of fact for those of the jury with respect to the lack of negligence on the part of the defendant (see, e.g., *Durante v Frishling,* 81 AD2d 631; *Rodriguez v New York State Thruway Auth.,* 82 AD2d 853). Damiani, J. P., Lazer, Gibbons and Rubin, JJ., concur.