■ ANN CAIATI, as Executrix of EMANUEL CAIATI, Deceased, Respondent, v KIMEL FUNDING CORP. et al., Defendants, and ANTHONY GARGUILO et al., Doing Business as CAIATI, GARGUILO AND GREEN, et al., Appellants.—In an action to recover damages for legal malpractice, the defendants Garguilo, Green, and Michael Caiati appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated November 24, 1987, as granted that branch of the plaintiff's motion which was to dismiss the second, fourth, and ninth affirmative defenses asserted in their answer.

Ordered that the order is modified, on the law by deleting therefrom the provisions which granted that branch of the plaintiff's motion which was to dismiss the defendants' fourth and ninth affirmative defenses asserted in the answer of the defendants Garguilo, Green and Michael Caiati, and by substituting therefor a provision denying that branch of the plaintiff's motion which was to dismiss those affirmative defenses; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the holding of the Supreme Court, the culpable conduct of the plaintiff client in a legal malpractice action, "including contributory negligence or assumption of risk", may be pleaded by the defendant attorney, by way of affirmative defenses, as "mitigating factor[s]" with respect to "the amount of damages otherwise recoverable" (CPLR 1411, 1412;

*see also, Cicorelli v Capobianco,* 89 AD2d 842, *mod* 90 AD2d 524, *affd* 59 NY2d 626; *cf., Hoyt v McCann,* 88 AD2d 633). Accordingly, the Supreme Court improperly dismissed the appellants' fourth and ninth affirmative defenses.

Finally, it is well established in New York with respect to attorney malpractice "that absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties not in privity for harm caused by professional negligence" *(Viscardi v Lerner,* 125 AD2d 662, 663-664). The complaint contains the necessary allegations of privity which, ultimately, must be proven by the plaintiff *(Viscardi v Lerner, supra).* Under these circumstances, the appellants' second affirmative defense, i.e., lack of privity, was gratuitous and the appellants suffered no prejudice by virtue of its dismissal *(cf., Cipriano v City of New York,* 96 AD2d 817). Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.