■ C.K. Industries Corporation et al., Plaintiffs, v C.M. Industries Corporation et al., Defendants. (And a Third-Party Action.) (Action No. 1.) Flavio Franco, Respondent, v John T. Chiulli et al., Defendants, and Stanley I. Kirwin, Appellant. (Action No. 2.) [623 NYS2d 410] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Wood, J.), entered April 20, 1993 in Westchester County, which denied defendant Stanley I. Kirwin's cross motion for summary judgment dismissing the complaint against him in action No. 2.

This litigation arises out of a failed business relationship involving plaintiff Flavio Franco and defendants John T. Chiulli and Richard Kilmer. Prior to July 24, 1986, Chiulli and Kilmer were the owners of two corporations, defendant C.M. Industries Corporation (hereinafter C.M.) and defendant South Street Stone & Supply Yard, Inc. (hereinafter South Street), which conducted business from property owned by Chiulli in the City of Peekskill, Westchester County.

The relationship commenced in the spring of 1986 when Chiulli contacted his attorney, defendant Stanley I. Kirwin, to advise him that Franco was going to purchase a one-third interest in both corporations, and to retain him for the purpose of preparing a shareholders agreement. Kirwin drafted

the agreement in accordance with the instructions contained in a memorandum given him by Chiulli and gave the draft to Chiulli. Apparently, the draft was revised several times by Franco, Chiulli and Kilmer, without consulting Kirwin, before it was executed on July 24, 1986. Thereafter, the parties' business relationship deteriorated to the point where, on January 13, 1988, Chiulli commenced a summary proceeding to evict C.M. and South Street from his property. Franco, James Meaney[1] and the two corporations (hereinafter collectively referred to as plaintiffs) then commenced an action (action No. 2) asserting six causes of action against Chiulli, Kilmer and Kirwin (hereinafter collectively referred to as defendants). Concomitantly, plaintiffs moved for a preliminary injunction enjoining defendants from interfering with their use and occupancy of the property owned by Chiulli. Defendants, in turn, cross-moved for an order dismissing five of plaintiffs' causes of action, including the one asserted against Kirwin. Supreme Court (Delaney, J.) denied the cross motion finding that a substantial question of fact existed "as to whether or not defendant, Stanley Kirwin, violated any duty as plaintiffs' attorney".

By January 1993, the procedural posture of this action was such that Franco was the only remaining plaintiff. At that point, Kirwin, in response to Franco's motion for certain procedural relief, again cross-moved for summary judgment dismissing Franco's amended complaint. Supreme Court denied the motion.[2] Kirwin appeals.

Franco's two causes of action in his amended complaint relating to Kirwin allege that Kirwin failed to exercise due care, skill and judgment in the drafting of the shareholder's agreement and that he failed to disclose to Franco his business relationships with Chiulli and/or Kilmer and failed to exercise independent professional judgment on behalf of Franco.

To sustain these causes of action, Franco must establish the existence of an attorney-client relationship between himself and Kirwin since, in the absence of fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties not in privity for harm caused by professional malpractice (see, Caiati v Kimel Funding Corp., 154 AD2d 639). Such a relationship arises when a contract is formed between an attorney and client for the performance of legal

---

1. Meaney had purchased Kilmer's interest in the corporations.
2. Supreme Court also denied Franco's motion.

services or the rendition of legal advice (see, Matter of Priest v Hennessy, 51 NY2d 62, 68-69; Sucese v Kirsch, 199 AD2d 718). Since formality is not essential to the formation of the contract, it is necessary to look to the words and actions of the parties to ascertain if an attorney-client relationship was formed (see, Kubin v Miller, 801 F Supp 1101, 1115).

Our review of the record shows that Franco never contacted nor consulted with Kirwin, and in fact appears to have consulted with his own attorney and accountant regarding the provisions of the shareholders agreement. Further, there is nothing in the record to indicate that Kirwin, either affirmatively or impliedly, led Franco to believe that he was acting on his behalf. Finally, Kirwin's bill for services was submitted to C.M. and paid by South Street. Thus, in light of these circumstances, we find there was no attorney-client relationship between Franco and Kirwin (see, Kubin v Miller, supra, at 1115; Jane St. Co. v Rosenberg & Estis, 192 AD2d 451, lv denied 82 NY2d 654). Accordingly, we reverse and grant Kirwin's cross motion.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Stanley I. Kirwin's cross motion for summary judgment dismissing the complaint against him in action No. 2; cross motion granted, summary judgment awarded to defendant Stanley I. Kirwin in action No. 2 and complaint dismissed against him; and, as so modified, affirmed.

