■ KATHINA DUNCAN, an Infant, by JUDY GUIDRY, Her Parent and Guardian, et al., Appellants, v MARGERITE A. HILLEBRANDT et al., Respondents. [657 NYS2d 538] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered February 28, 1996 in Warren County, upon a verdict rendered in favor of plaintiffs.

On November 7, 1994, plaintiff Kathina Duncan, a 14-year-old pedestrian, sustained injuries when she was struck by a minivan owned by defendant Charles W. Hillebrandt, Sr. and operated by his wife, defendant Margerite A. Hillebrandt (hereinafter defendant), on Dix Avenue in the Town of Queensbury, Warren County. Plaintiffs commenced this personal injury action to recover damages. Defendants answered and alleged, *inter alia*, that Duncan was responsible for her injuries. Following a trial, the jury concluded that both Duncan's and defendant's negligence were the proximate cause of Duncan's injuries and apportioned liability 60% to Duncan and 40% to defendant. The jury awarded plaintiffs $15,000 for past pain and suffering but no damages for future pain and suffering. After the verdict, plaintiffs moved (first orally and then in formal papers) to set it aside as to both liability and damages, claiming that the apportionment of the liability was against the weight of the evidence and the damages were inadequate. Supreme Court denied the motions. Plaintiffs appeal.

Initially, we reject plaintiffs' contention that Supreme Court erred in failing to charge Vehicle and Traffic Law § 1113 (b). That section provides in relevant part, as follows: "Vehicular traffic facing a circular yellow signal with rapid intermittent flashes may proceed through the intersection or past such signal only with caution." The testimony reveals that there was a flashing yellow light on Dix Avenue adjacent to the South Queensbury fire station just east of its intersection with Philips Avenue. Although defendant admitted that she did not pay attention to the caution light, the evidence shows that the accident occurred *before* she entered into the intersection or passed the light. Thus, because defendant's violation of the statute was not established, Supreme Court did not abuse its discretion in declining plaintiffs' request to charge.

Plaintiffs argue that the apportionment of 60% liability to Duncan was against the weight of the evidence. It is well settled that "[a] verdict may be successfully challenged as against the weight of the evidence only when ' " 'the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence' " ' " (*Adler v Londner*, 228 AD2d 1003, 1004, quoting *Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875).

Plaintiffs rely upon the last clear chance doctrine (*see, Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 46 NY2d 528, 533; *Lee v General Baking Co.*, 40 AD2d 687, 688; *Kaskoff v Anderson*, 18 AD2d 192, 195, *affd* 13 NY2d 911),

which has lost its viability in this State since the adoption of the comparative negligence rule (*see,* CPLR art 14-A; *see also, Dominguez v Manhattan & Bronx Surface Tr. Operating Auth., supra,* at 532-533; *Hoyt v McCann,* 88 AD2d 633, 634; *Cohan v Milano,* 79 AD2d 579, 580, *affd* 55 NY2d 926). In applying the latter rule, defendant's knowledge of Duncan's perilous position was just one of the factors to be considered by the jury in determining the relative culpability of the parties (*see,* 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 1411.06; *see also, Hoyt v McCann, supra,* at 634) along with defendant's failure to sound her horn.

Our review of the record reveals that at the time of the accident, Duncan was standing on the northerly side of Dix Avenue looking west toward a boy on the other side of the road with whom she and a girlfriend, standing nearby, were conversing. Defendant testified that as she approached the scene heading west on Dix Avenue at approximately 20 miles per hour, she saw the girls, noticed that Duncan was looking away from her, braked and pulled her vehicle to the left toward the center of the road. Lisa Martelle, a witness driving in an easterly direction on Dix Avenue, observed Duncan step forward onto the white line without looking in defendant's direction, saw Duncan's friend put her hand out in front of Duncan to prevent her from moving any farther into traffic and saw defendant move slightly into her [Martelle's] lane. Nevertheless, Duncan was struck in the back of the head by the passenger sideview mirror of defendant's vehicle and knocked to the ground. Under these circumstances, we cannot say the jury's apportionment of fault was not based upon a fair interpretation of the evidence. Therefore, we decline to disturb its verdict (*see,* CPLR 4404 [a]; *see generally, Sorensen v Nazarian,* 175 AD2d 417).

Plaintiffs also contend that the jury award was inadequate. The standard to be applied is whether "it deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Stedman v Bouillon,* 234 AD2d 876; *Wendell v Supermarkets Gen. Corp.,* 189 AD2d 1063, 1064; *Wagner v Kenific,* 161 AD2d 1092, 1094).* Mindful that "the amount of damages to be awarded is primarily a question of fact * * * and [that] considerable deference should be accorded to the interpretation of the evidence by the jury" (*Levine v East Ramapo Cent.*

---

* Although Supreme Court initially erred when it denied the oral motion on the basis that it did not "shock the court's conscience", the court corrected itself by later employing the correct "material deviation" standard to decide plaintiffs' formal written motion. Therefore, reversal on that basis is not warranted.

*School Dist.*, 192 AD2d 1025, 1025-1026 [citations omitted]), "[t]his discretionary power * * * is to be exercised sparingly" (*Santalucia v County of Broome*, 228 AD2d 895, 897; *see, Cochetti v Gralow*, 192 AD2d 974, 975).

A review of the evidence in light of the award rendered discloses that Duncan sustained a fractured left clavicle; a "Salter I" fracture of her right ankle, described as a fracture of the growth plate cartilage and not the bone; two fractures to her jaw, which required her mouth to be wired shut for six weeks; and a concussion. No surgical intervention was required. Because the medical experts agreed that no permanent functional effects resulted from these injuries, and disagreed only regarding whether a bony protrusion over the top of Duncan's left shoulder caused by the fracture would remain as a permanent cosmetic deformity, the jury could conclude that plaintiffs were not entitled to future damages (*see, Texido v Margarucci*, 229 AD2d 944; *cf., Nautel v Crates*, 173 AD2d 936).

Turning to the jury's award for damages from the date of the accident to the time of trial, we find that plaintiffs have not demonstrated that Duncan sustained the degree of impairment present in the cases they rely on to establish a material deviation from reasonable compensation (*see, Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025, 1027, *supra*). Accordingly, we cannot conclude that the award here was unreasonable.

We have examined plaintiffs' other contentions and find them to be without merit.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.