(March 28, 2002)

■ PETER D. SAHAGEN, Appellant, v KELLEY DRYE & WARREN et al., Respondents. [740 NYS2d 303] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about August 6, 2001, which, insofar as appealed from, granted defendants' motion to dismiss plaintiff's causes of action for aiding and abetting breach of fiduciary duty and conspiracy to breach fiduciary duties, reversed, on the law, without costs, defendants' motion denied and plaintiff's fourth and fifth causes of action reinstated.

In granting defendants' motion to dismiss causes of action for aiding and abetting breach of fiduciary duty and conspiracy

to breach fiduciary duties, the IAS court relied upon the language of paragraph 12 of the voting trust agreement between plaintiff and one Michael Henry which provides that Henry, as the trustee "whether or not acting upon the advice of counsel, shall not incur or be under any responsibility or liability as Holder, trustee, fiduciary or otherwise." In so ruling, the court failed to complete the foregoing sentence, which, in relevant part, continues: "except for the Trustee's own willful malfeasance or gross neglect."

Plaintiff's allegations of Henry's false claims to induce him to enter into the voting trust agreement, as well as his efforts to extort and threaten plaintiff into giving up his AMC stock and warrants for the benefit of Henry and others, clearly sound in acts of willful malfeasance or gross neglect, which would not be protected from suit under the terms of the parties' agreement. Concur—Williams, P.J., Andrias and Rosenberger, JJ.

Buckley, J., dissents in a memorandum as follows: Since defendants' motion to dismiss, insofar as this appeal is concerned, involved only the two causes of action premised on fiduciary duties which were expressly negated by agreement of the parties, I am constrained to dissent from the majority's finding that allegations of willful malfeasance or gross neglect can serve as a substitute for the lack of duty as alleged by plaintiff.

It would appear axiomatic that there can be no causes of action predicated on the existence of a fiduciary relationship between plaintiff and the trustee under the voting trust agreement that plaintiff executed, since such agreement specifically excluded any such relationship. If there be no fiduciary duty, there can be no recovery for an alleged breach thereof. Plaintiff's principal argument on appeal, that under Delaware law, a voting trust automatically creates a fiduciary relationship that cannot be contractually eliminated, has no support in Delaware statutes or decisions (cf., Clarke Mem. Coll. v Monaghan Land Co., 257 A2d 234, 238 [Del Ch 1969]). The majority does not find fault with the IAS court's decision on this ground but finds that the voting trust agreement also contemplated potential liability for the trustee's "own willful malfeasance or gross neglect," that the IAS court overlooked this basis for liability and that the causes of action involved in this appeal must, accordingly, be reinstated.

Plaintiff's action contained five causes of action, the two involved in this appeal and three others, whose dismissal was not appealed: (1) breach of fiduciary duty; (2) legal malpractice; and (3) breach of contract. This appeal did not involve a cause

of action for willful malfeasance nor a cause of action for gross neglect. Since plaintiff can articulate no duty based (1) on a fiduciary relationship, (2) on the attorney-client relationship or (3) on contract, there is no basis for the causes of action pleaded by plaintiff (see, *McMahon v New Castle Assoc.*, 532 A2d 601 [Del Ch 1987] [no fiduciary duties created by arm's length contract]). Since the claims for aiding and abetting breach of fiduciary duty and conspiracy to breach fiduciary duties are dependent on the existence of a fiduciary relationship and a breach thereof, which are lacking here, those claims were properly dismissed by the IAS court.