◼ Thomas E. O'Brien et al., Respondents, v Town of Huntington et al., Appellants. (Action No. 1.) Thurston K. Whitson et al., Respondents, v Town of Huntington et al., Appellants. (Action No. 2.) Ruth Terry et al., Respondents, v Town of Huntington et al., Appellants. (Action No. 3.) Royce W. Tabor et al., Respondents, v Town of Huntington et al., Appellants. (Action No. 4.) Margaret Lockhart et al., Respondents, v Town of Huntington et al., Appellants. (Action No. 5.) Robert D. Deasy et al., Respondents, v Town of Huntington et al., Appellants. (Action No. 6.) Robert D. Deasy et al., Respondents, v Broad Hollow Estates, Inc., Appellant. (Action No. 7.) [764 NYS2d 648] —In seven related actions to compel the determination of claims to real property pursuant to RPAPL article 15, the Town of Huntington appeals (1) from

an order of the Supreme Court, Suffolk County (Catterson, J.), dated January 25, 2002, which, inter alia, (a) denied those branches of its motions in Action Nos. 1 through 6 which were to dismiss the complaints insofar as asserted against it on the ground that the plaintiffs failed to join the Board of Trustees of the Town of Huntington as a necessary party, and (b) "reserved for decision" stated portions of those motions which were, inter alia, for leave to amend the pleadings and to dismiss the complaints as time-barred, (2), by permission, from six orders of the same court, all dated March 6, 2002, which, sua sponte, amended the captions in Action Nos. 1 through 6 to add new plaintiffs to those actions, and (3), by permission, from an order of the same court, dated March 7, 2002, which, sua sponte, amended the order dated January 25, 2002, to reflect the newly-amended captions and otherwise reissued that order, the Board of Trustees of the Town of Huntington also appeals from so much of the order dated January 25, 2002, as, sua sponte, joined it as a party defendant in each of Action Nos. 1 through 6, and Broad Hollow Estates, Inc., separately appeals, by permission, from two orders of the same court, both dated March 6, 2002, which, sua sponte, amended the captions in Actions Nos. 6 and 7 to add new plaintiffs to those actions.

Ordered that the appeal from the order dated January 25, 2002, is dismissed, as that order was superseded by the order dated March 7, 2002; and it is further,

Ordered that the appeal by the Town of Huntington from so much of the order dated March 7, 2002, as "reserved for decision" stated portions of its motions is dismissed, as those portions of the motions remain pending and undecided (see Katz v Katz, 68 AD2d 536 [1979]); and it is further,

Ordered that on the Court's own motion, the notice of appeal of the Board of Trustees of the Town of Huntington is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the seven orders dated March 6, 2002, are affirmed; and it is further,

Ordered that the order dated March 7, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Those branches of the motions of the Town of Huntington which were to dismiss the complaints in each of the six actions in which the Town is a defendant for failure to join the Board of Trustees of the Town of Huntington (hereinafter the Board) as a necessary party were properly denied. Although the

Supreme Court erred in leading the Town to believe at a fact-finding hearing that it need not prove that the Board was a separate and distinct entity from the Town because this was not disputed by the parties, and then finding in its order dated January 25, 2002, that the Town failed to prove that the Board was a separate and distinct entity, this error was harmless. In order to prevail on those branches of its motions which were to dismiss the complaints insofar as asserted against it for failure to join the Board as a necessary party, the Town was required to show that the Board was necessary for complete relief to be provided and that the Board would be inequitably affected by the judgment (*see Tindell v Koch,* 164 AD2d 689 [1991]). While the Board does exist as a separate entity, its powers and duties have been devolved upon the Town (*see* L 1962, ch 865, § 2). Under the circumstances of these actions, where the Board and the Town Board of the Town of Huntington are comprised of the same individuals, are represented by the same counsel, and the Town failed to delineate any difference between its interests and the Board (other than its allegation that the Board of Trustees owns the subject property, which is completely at odds with the Town's counterclaims in many of these actions, in which the Town asserts that the Town "by its Trustees" owns the subject property), the Town should not be permitted to use an archaic dual political system to its procedural advantage. Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the Town's motions which were to dismiss the complaints insofar as asserted against it for failure to join the Board as a necessary party.

Nevertheless, the Supreme Court's determination, sua sponte, to add the Board as a party defendant in the six actions in which the Town was named as a defendant was, under the particular circumstances of this case, a provident exercise of its discretion.

To the extent that the Town appeals from the court's determination to reserve decision on the remainder of the branches of the Town's motions until the completion of all six trials, the appeal must be dismissed, as these branches of the motions remain pending and undecided (*see Katz v Katz, supra; see also Fiorenti v Central Emergency Physicians,* 305 AD2d 453 [2003]; *Pacheco v City of New York,* 300 AD2d 554 [2002]; *All Waste Sys. v Gulf Ins. Co.,* 295 AD2d 379 [2002]). We note, however, that certain branches of the Town's motions, such as those branches which were for leave to amend the pleadings to add affirmative defenses, and that branch which was to quash

a trial subpoena, would be best addressed prior to completion of the trials.

We perceive no reason to disturb the orders dated March 6, 2002, amending the captions of all seven actions to add new plaintiffs. The court is authorized, pursuant to RPAPL 1511 (2), to, sua sponte, add parties to these actions if it appears to the court that such entities may have an estate or interest in the real property which may be affected by a judgment. Smith, J.P., Luciano, H. Miller and Adams, JJ., concur.