■ DAI R.M. GRIFFITH et al., Appellants, v MEDICAL QUADRANGLE, INC., et al., Defendants, and CERTILMAN BALIN ADLER & HYMAN, LLP, et al., Respondents. [772 NYS2d 513]—

Order, Supreme Court, New York County (Helen Freedman, J.), entered October 24, 2002, which granted the motion of defendants Certilman Balin Adler & Hyman, LLP and Lewis Campanella to dismiss the complaint as against them and denied the cross motion of plaintiffs to amend the complaint, unanimously affirmed, with costs.

The motion court properly found that plaintiffs were without standing to assert claims for legal malpractice against the attorney defendants. Those defendants were retained by the corporate defendants to represent them and were not in privity with plaintiffs (*see Walker v Saftler, Saftler & Kirschner*, 239 AD2d 252 [1997]; *C.K. Indus. Corp. v C.M. Indus. Corp.*, 213 AD2d 846 [1995]). While plaintiffs maintain that the attorney defendants colluded with defendant corporate board members Lyons and Gallagher to defraud minority shareholders such as themselves and that the relationship of privity ordinarily requisite to the maintenance of malpractice claims such as those they would assert may therefore be dispensed with (*see Good Old Days Tavern v Zwirn*, 259 AD2d 300 [1999]; *Caiati v Kimel Funding Corp.*, 154 AD2d 639 [1989]), plaintiffs' allegations of collusion and fraud were not pleaded in sufficient detail to sustain either the complaint or the proposed amended complaint (*see* CPLR 3016 [b]). Nor may plaintiffs, as shareholders, assert malpractice claims on the corporations' behalf, since they never demanded that a corporation itself pursue such claims (*see* Business Corporation Law § 626 [c]), and neither the complaint nor the proposed amended complaint set forth with the required particularity circumstances from which it could be concluded that a demand by plaintiffs upon the corporations to initiate legal action against the attorney defendants would have been futile (*see Bansbach v Zinn*, 1 NY3d 1, 16-17 [2003]; *Marx v Akers*, 88 NY2d 189, 198-201 [1996]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.