■ FRANK ARANKI et al., Appellants, v GOLDMAN & ASSOCIATES, LLP, et al., Respondents. [825 NYS2d 97]—

In an action to recover damages for legal malpractice, breach of fiduciary duty, fraud, and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (LaMarca, J.), dated September 26, 2005, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were to dismiss the causes of action alleging breach of fiduciary duty and legal malpractice, and substituting therefor provisions denying those branches of the motion to the extent that those causes of action are predicated on allegations that the defendants knowingly induced or assisted members holding a majority membership interest in Millennium Alliance Group, LLC, to breach their fiduciary duties to the plaintiffs, and otherwise granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), [t]he sole criterion is whether from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law . . . The court must accept the facts alleged in the pleading and the submissions in opposition to the motion as true, and accord the plaintiff the benefit of every possible favorable inference" (*Operative Cake Corp. v Nassour,* 21 AD3d 1020, 1021 [2005] [citations and internal quotation marks omitted]).

Although the complaint "fails to plead specific facts from which the existence of an attorney-client relationship, privity, or a relationship that otherwise closely resembles privity between the plaintiff[s] and [the defendants] may be inferred" (*Fredriksen v Fredriksen,* 30 AD3d 370, 372 [2006]), the complaint in this case sets forth in sufficient detail (*see* CPLR 3016 [b]) facts which, if proven, would show that the defendants colluded with the majority members of Millennium Alliance Group, LLC (hereinafter MAG), inter alia, to freeze the plaintiffs out of MAG's management and profit sharing and force them to surrender, at a reduced price, their minority membership interest in MAG.

Such allegations fall within the narrow exception of "fraud, collusion, malicious acts or other special circumstances" under which a cause of action alleging attorney malpractice may be asserted absent a showing of actual or near-privity (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.,* 5 NY3d 582, 595 [2005], quoting *Estate of Spivey v Pulley,* 138 AD2d 563, 564 [1988]; *cf. Fredriksen v Fredriksen, supra; Griffith v Medical Quadrangle,* 5 AD3d 151 [2004]).

Similarly, although the complaint fails to plead facts sufficient to establish that the defendants breached any fiduciary duty owed to the plaintiff (*see* CPLR 3016 [b]; *EBC I, Inc. v Goldman, Sachs & Co.,* 5 NY3d 11, 19 [2005]; *Tal v Superior Vending, LLC,* 20 AD3d 520 [2005]; *cf. Collins v Telcoa Intl. Corp.,* 283 AD2d 128, 134 [2001]), it does make out a cause of action against the defendants alleging aiding and abetting a breach of fiduciary duty by the majority members of MAG (*see Kaufman v Cohen,* 307 AD2d 113, 125 [2003]; *see also Widewaters Herkimer Co., LLC v Aiello,* 28 AD3d 1107 [2006]; *Operative Cake Corp. v Nassour, supra* at 1021; *Sahagen v Kelley Drye & Warren,* 292 AD2d 298 [2002]).

The plaintiffs' remaining contentions are without merit. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.