■ GINSBURG DEVELOPMENT COMPANIES, LLC, Respondent-Appellant, v DONALD J. CARBONE et al., Appellants-Respondents. [926 NYS2d 156]—

In an action to recover damages for fraud, violation of Judiciary Law § 487, legal malpractice, aiding and abetting the breach of a fiduciary duty, and aiding and abetting fraud, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered February 19, 2010, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first, second, fourth, and fifth causes of action, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third cause of action to recover damages for legal malpractice, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

On a motion to dismiss pursuant to CPLR 3211 (a) (1), "dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading must be afforded a liberal construction (*see* CPLR 3026; *Leon v Martinez*, 84 NY2d at 87). The facts as alleged in the complaint are accepted as true, with the plaintiff accorded the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d at 87-88). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

Applying those standards, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first cause of action to recover damages for fraud (*see generally Lama Holding Co. v Smith Barney*, 88 NY2d 413 [1996]), the second cause of action to recover damages for violation of Judiciary Law § 487 (*see Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534 [2006]), the fourth cause of action to recover damages for aiding and abetting the breach of a fiduciary duty (*see Kleinerman v 245 E. 87 Tenants Corp.*, 74 AD3d 448 [2010]), and the fifth cause of action to recover damages for aiding and abetting fraud (*see Goldson v Walker*, 65 AD3d 1084 [2009]).

However, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third cause of action to recover damages for legal malpractice. Accepting the facts alleged in the second amended complaint as true, and according the plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d at 87-88), the second amended complaint states a cause of action to recover damages for legal malpractice (*see Aranki v Goldman & Assoc., LLP*, 34 AD3d 510 [2006]). "While privity of contract is generally necessary to state a cause of action for attorney malpractice, liability is extended to third parties, not in privity, for harm caused by professional negligence in the presence of fraud, collusion, malicious acts or other special circumstances" (*Good Old Days Tavern v Zwirn*, 259 AD2d 300, 300 [1999]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]; *Nelson v Roth*, 69 AD3d 912, 913 [2010]; *Aranki v Goldman & Assoc., LLP*, 34 AD3d at 511-512; *Moran v Hurst*, 32 AD3d 909, 910-911 [2006]). Although the second amended complaint does not allege an

attorney-client relationship between the plaintiff and the defendants, the allegations in the second amended complaint "fall within the narrow exception of fraud, collusion, malicious acts or other special circumstances under which a cause of action alleging attorney malpractice may be asserted absent a showing of actual or near-privity" (*Aranki v Goldman & Assoc., LLP*, 34 AD3d at 512 [internal quotation marks omitted]). Moreover, the documentary evidence does not establish, as a matter of law, a defense to the third cause of action. Thus, we modify the order appealed from accordingly. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.