In an action, inter alia, to recover damages for legal malpractice and aiding and abetting fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 2, 2012, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first cause of action, which was to recover damages for legal malpractice, and pursuant to CPLR 1001 to direct the plaintiffs to join BarCred Holdings Affiliates, LLC, as a party plaintiff.
Ordered that the order is affirmed insofar as appealed from, with costs.
On a motion to dismiss pursuant to CPLR 3211 (a) (1), “dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law” (Leon v Martinez, 84 NY2d 83, 88 [1994]). In deciding a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d at 87-88).
Applying these principles, the Supreme Court properly denied those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first cause of action, which sought to recover damages for legal malpractice. While the complaint does not allege an attorney-client relationship between the plaintiffs and the defendants, it sets forth a claim *797 which falls within “the narrow exception of fraud, collusion, malicious acts or other special circumstances” under which a cause of action alleging attorney malpractice may be asserted absent a showing of privity (Ginsburg Dev. Cos., LLC v Carbone, 85 AD3d 1110, 1112 [2011] [internal quotation marks omitted]; see Aranki v Goldman & Assoc., LLP, 34 AD3d 510, 511-512 [2006]; Griffith v Medical Quadrangle, 5 AD3d 151, 152 [2004]). Furthermore, the documentary evidence submitted by the defendants does not conclusively establish a defense to this cause of action as a matter of law (see CPLR 3211 [a] [1]).
Contrary to the defendants’ contention, the Supreme Court providently exercised its discretion in denying that branch of the defendants’ motion which was pursuant to CPLR 1001 to direct the plaintiffs to join BarCred Holdings Affiliates, LLC (hereinafter BarCred), as a party plaintiff. The defendants failed to demonstrate that BarCred needed to be joined in order to accord complete relief between the parties, or that BarCred would be inequitably affected by a judgment in this action absent its joinder (see CPLR 1001 [a]; Mason Tenders Dist. Council Welfare Fund v Diamond Constr. & Maintenance, Inc., 84 AD3d 754, 755 [2011]; Spector v Toys “R” Us, Inc., 12 AD3d 358, 359 [2004]; O’Brien v Town of Huntington, 308 AD2d 479, 481 [2003]). Rivera, J.E, Hall, Roman and Miller, JJ., concur. [Prior Case History: 2012 NY Slip Op 32119(U).]