Garanin v Hiatt (2023 NY Slip Op 04459)

Garanin v Hiatt

2023 NY Slip Op 04459

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-05522
 (Index No. 100013/20)

[*1]Vsevolod Sergeevich Garanin, appellant, 
v
Robert Walter Hiatt, et al., respondents.

Andrew Lavoott Bluestone, New York, NY, for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated July 2, 2021. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging legal malpractice and violation of Judiciary Law § 487.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging legal malpractice and violation of Judiciary Law § 487 are denied.
In 2020, the defendants, an attorney and his law firm, commenced a family offense proceeding against the plaintiff, on behalf of their client, Eirena Bykhovsky, with whom the plaintiff has two children. Together with the family offense petition, the defendants served upon the plaintiff a petition for sole custody of the children, which was not actually filed and on which was a handwritten docket number that did not correspond to any filing by Bykhovsky. The plaintiff thereafter signed a retainer agreement with an attorney "to render services in connection with a custody matter," which required the plaintiff to pay a $15,000 retainer. The plaintiff was ultimately charged a total of $28,534 in fees by that attorney.
Thereafter, the plaintiff, proceeding pro se, commenced the present action, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487, based upon the defendants' conduct of serving him with a custody petition that was not filed and bore a nonexistent docket number. The plaintiff alleged that this conduct caused him to incur the above-referenced attorneys' fees. The defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging legal malpractice and violation of Judiciary Law § 487. By order dated [*2]July 2, 2021, the Supreme Court, inter alia, granted those branches of the motion. The plaintiff appeals.
In deciding a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88).
Applying these principles here, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging legal malpractice. "While the complaint does not allege an attorney-client relationship between the plaintiff[ ] and the defendants, it sets forth a claim which falls within 'the narrow exception of fraud, collusion, malicious acts or other special circumstances' under which a cause of action alleging attorney malpractice may be asserted absent a showing of privity" (Mr. San, LLC v Zucker & Kwestel, LLP, 112 AD3d 796, 796-797, quoting Ginsburg Dev. Cos., LLC v Carbone, 85 AD3d 1110, 1112; see Webster v Sherman, 165 AD3d 738, 740).
The Supreme Court further erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violation of Judiciary Law § 487. As relevant here, Judiciary Law § 487 imposes civil liability on any attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive . . . any party." Here, accepting the plaintiff's allegations as true and giving the plaintiff the benefit of every possible favorable inference, the amended complaint adequately states a cause of action to recover damages for violation of Judiciary Law § 487 (cf. Betz v Blatt, 160 AD3d 696, 699).
Accordingly, we reverse the order insofar as appealed from, and deny those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging legal malpractice and violation of Judiciary Law § 487.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court